

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0273-10

**MELVIN CHARLES SWEED, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined. ALCALA, J., did not participate.

### O P I N I O N

Appellant, Melvin Charles Sweed, Jr., was convicted of aggravated robbery, and punishment was assessed at thirty-eight years' imprisonment. The First Court of Appeals affirmed the judgment, holding that the trial court did not err by failing to submit a lesser-included-offense jury instruction for theft. *Sweed v. State*, 321 S.W.3d 42 (Tex. App.—

Houston [1st Dist.] 2010). We granted Appellant's petition for discretionary review to address whether there was trial evidence that supported giving a theft instruction to the jury. We will reverse the judgment of the court of appeals and remand the case for a harm analysis.

## I. FACTS

The complainant, Sixto Mondragon, and his construction crew were working on a remodeling project at a Houston apartment complex. Mondragon observed Appellant, who was not one of his employees, among the work crew throughout the morning. That afternoon, one of Mondragon's employees, Jose, started screaming that somebody had pulled a knife on him. When he got over to that area, Mondragon saw Appellant running away, holding a bundle of something. Mondragon testified, "I couldn't see what he had in his hands. He had it covered up." Mondragon followed Appellant, thinking that he had stolen something, and Jose informed Mondragon that Appellant had stolen a nail gun. Another employee saw Appellant go into an apartment.

The police were called, and Mondragon and his father positioned themselves to watch the apartment until the police arrived. Between five and twenty minutes after Appellant entered the apartment, Mondragon saw Appellant leaving the residence empty-handed and wearing different clothing. Appellant walked across the apartment complex parking lot, a distance of approximately 150 feet, where he spoke with a group of men for about five minutes. Then, Appellant started walking back in the direction of the

apartment that he had previously entered. At some point, he saw Mondragon and recognized him. Appellant approached Mondragon, waving a knife at chest level. When Appellant was about three feet away, Mondragon put his hands in his pockets and acted like he had a gun or "something." Appellant, without saying anything, walked away and returned to the apartment. All of this occurred over a period of fifteen to thirty minutes.

The police arrived five to ten minutes later and proceeded to the apartment that Appellant was seen entering. A woman who answered the door gave the officers consent to search. Appellant was located in the bedroom, and the missing nail gun was recovered.

Appellant was indicted for the felony offense of aggravated robbery, enhanced with two prior felony convictions.[1] *See* TEX. PENAL CODE § 29.03. At trial, Appellant requested a jury instruction on the offense of theft. The State then requested that, if the trial court granted Appellant's request for a jury instruction on theft, it also provide an instruction on the offense of aggravated assault. The trial court denied both requests. Subsequently, the jury found Appellant guilty. It also found the allegations in the enhancement paragraphs[2] true and assessed punishment at 38 years' confinement. The

---

[1]The indictment alleged that Appellant did "unlawfully, while in the course of committing theft of property owned by SIXTO MONDRAGON and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place SIXTO MONDRAGON in fear of imminent bodily injury and death, and [Appellant] did then and there use and exhibit a deadly weapon, to wit: A KNIFE."

[2]Appellant was previously convicted of the felonies of possession of a controlled substance and for burglary of a motor vehicle. He also had three prior convictions for assault. Appellant stipulated to his two prior felony convictions, and the judge instructed the jury on these. *See also infra* note 3.

trial court sentenced Appellant, in agreement with the jury's assessment, to 38 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. FIRST COURT OF APPEALS

In his sole point of error on direct appeal, Appellant argued that "the trial court erred in denying his request to instruct the jury on the lesser-included offense of theft because there was more than a scintilla of evidence negating the State's allegation that he threatened Mondragon 'in the course of committing theft.'" *Sweed*, 321 S.W.3d at 45. The First Court of Appeals disagreed and affirmed the trial court's judgment.[3] *Id.* at 48, 49.

The court of appeals began by identifying the two-step approach for analyzing whether the jury should receive a lesser-included-offense instruction. *See Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). For the first step, the court determined that theft "was included in the alleged elements of the greater offense of robbery," as alleged in this case. *Sweed*, 321 S.W.3d at 47. It stated, "when the elements of aggravated robbery as alleged in the indictment are compared with the elements of theft, it is evident that the elements of theft are 'established by proof of the same or less than all the facts required to establish the commission of the offense charged.'" *Id.* (quoting *Hall*, 225

---

[3]In the judgment, the enhancement paragraphs reflecting Appellant's prior felonies were marked "N/A" or "not applicable" rather than true. *Sweed*, 321 S.W.3d at 49. The State asked that the judgment be modified to reflect that Appellant pled true to the State's two enhancement paragraphs. *Id.* at 48. The court of appeals "modified the written judgment to reflect that appellant entered a plea of true to the two enhancement paragraphs and that the jury found these enhancement paragraphs true." *Id.* at 49.

S.W.3d at 536). For the second step of the inquiry, the court discussed the evidence presented, and it concluded that there was no evidence that would permit a rational jury to find that Appellant's threat to Mondragon did not occur in the course of committing or in immediate flight after committing the theft. *Id.* at 47-48.

The dissent would have held that "the trial court harmfully erred by failing to instruct the jury on the lesser-included offense of theft." *Id.* at 49. It explained that the issue was whether Appellant threatened Mondragon with assault with a deadly weapon while in *immediate flight* after the attempt or commission of theft. *Id.* (citing TEX. PENAL CODE §§ 29.01(1), 29.02(a)(2), 29.03(a)(2)). The dissent contended that

> the evidence gives rise to at least two, reasonably equal, plausible inferences: either that appellant committed aggravated robbery because the assault occurred while in the immediate flight from theft or, alternatively, that he committed separated offenses of assault and theft because he assaulted the complainant when he was not in *immediate* flight from the theft.

*Id.* Hence, the dissent determined that the jury "reasonably could have determined that theft and assault were two separate events because the assault did not occur in the *immediate* flight from the commission of the theft, as required for aggravated robbery." *Id.* at 50. As support, it highlighted a series of intervening events occurring during the thirty minutes after the theft of the nail gun and before Appellant threatened Mondragon with a knife.

We granted Appellant's petition for discretionary review to address the court of appeals's holding that there was no evidence in the record to support a jury-charge

instruction for theft.

## III. ARGUMENTS OF THE PARTIES

### A. Appellant's Argument

Appellant argues that whether he threatened Mondragon with a knife while he was in immediate flight after the commission of theft was a fact issue for the jury to decide. In refusing to instruct the jury on the lesser offense of theft, the trial court, in essence, took the position that Appellant was still in immediate flight from the theft as a matter of law.

Appellant maintains that there was some evidence that only the lesser-included offense of theft was committed. Quoting the dissenting opinion, Appellant also notes that the evidence gives rise to at least two plausible inferences: either that the assault occurred while Appellant was in immediate flight from the theft or that it was a separate event. Appellant argues that he stole a nail gun from a construction site, took it to an apartment, changed clothes, and came back outside where he spoke with some men; then, some thirty minutes after having committed the theft, Appellant started walking back to his apartment, saw Mondragon, and pulled a knife. Appellant contends that a rational juror could have concluded that the theft was over at that point, so whether or not Appellant pulled the knife while he was in immediate flight from the theft was a fact question that should have been determined by a jury. Thus, according to Appellant, the trial court's refusal to issue an instruction appears to conflict directly with *Thomas v. State*, 699

S.W.2d 845, 849 (Tex. Crim. App. 1985) (holding that, as long as evidence from any source raises an issue that a lesser-included offense may have been committed, and a jury charge is properly requested, the issue must be submitted to the jury), and *Evans v. State*, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006) (stating that "it is clearly the jury that makes the choice of which inference to accept" when the evidence "gives rise to at least two, reasonably equal, plausible inferences").

### B. State's Argument

The State responds that the First Court of Appeals properly held that Appellant was not entitled to a jury instruction on theft. The State argues that the trial court did not err in denying Appellant's requested theft instruction because theft is not a rational alternative to aggravated robbery under the facts in this case. According to the State, there is no evidence from which a rational jury could find Appellant not guilty of the aggravated robbery and guilty of theft—the evidence shows that Appellant assaulted Mondragon in immediate flight after the commission of the theft. The State also asserts that "immediate flight" is not statutorily defined, but "immediate" has been defined as a "reasonable time in view of particular facts and circumstances of [the] case under consideration." *Thomas v. State*, 708 S.W.2d 580, 581 (Tex. App.—Eastland 1986, pet. ref'd). The State contends that the facts of this case fall within that definition because Appellant was attempting to effect his escape when he assaulted Mondragon.

The State also asserts, relying on *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim.

App. 2008), that the trial court did not err because there is evidence that Appellant committed the offense of aggravated assault, an offense that "lies between" the requested theft offense and the charged offense of aggravated robbery. However, this argument misconstrues our caselaw because *Flores* does not stand for the proposition that a defendant should be denied a lesser-included-offense instruction simply because there was a possible "lies between" offense instruction requested by the State that was denied.

## IV. CASELAW

The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX. CODE CRIM. PROC. art. 37.08. It also states that an offense is a lesser-included offense if

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

The determination of whether a lesser-included-offense instruction requested by a defendant must be given requires a two-step analysis. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.

App. 1981) (plurality op. on reh'g). The first step asks whether the lesser-included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We must compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009). Because "a defendant cannot be held to answer a charge not contained in the indictment brought against him," the evidence produced at trial does not determine the lesser-included offenses. *Schmuck v. United States*, 489 U.S. 705, 717 (1989); *see Watson*, 306 S.W.3d at 263.

The second step of the lesser-included-offense analysis is to determine if there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Guzman v. State*, 188 S.W.3d 185, 188-89 (Tex. Crim. App. 2006). The evidence must establish the lesser-included offense as "a valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 90-91 (Tex. Crim. App. 2008). We review all of the evidence presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478-79 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 673.

## V. DISCUSSION

We exercised our discretionary power to review the application of the second step

of the lesser-included-offense analysis in this case. We will assume without deciding that the first step of the analysis is satisfied (i.e., that the lesser-included offense of theft is included within the proof necessary to establish the charged offense of aggravated robbery),[4] and we hold that the second step is also met as there was trial evidence presented that supported giving a theft instruction to the jury.

The second step of the lesser-included offense analysis requires us to determine if there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense of theft. *See Guzman*, 188 S.W.3d at 188-89. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Accordingly, we have stated that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations.

---

[4]We do not address the first step of whether theft is a lesser-included offense of aggravated robbery because it was not a stated ground for review by this Court. While the State makes the "argument" that theft is not a lesser-included offense of aggravated robbery for the first time in its reply brief to this Court, in its brief to the First Court of Appeals, the State wrote, "In comparing the elements of the offense of aggravated robbery and the elements of the offense of theft, it appears appellant has met the first prong."

*Robertson v. State*, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993).

A person commits theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a). A person commits robbery if "in the course of committing theft" and "with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id.* § 29.02(a)(2). To prove aggravated robbery, the State must prove robbery plus an aggravating factor, such as the defendant "uses or exhibits a deadly weapon." *Id.* § 29.03(a)(2). The robbery element of "in the course of committing theft" is defined as "conduct that occurs in an attempt to commit, *during* the commission, or *in immediate flight*[5] after the attempt or commission of theft." *Id.* § 29.01(1) (emphasis added).

If "in the course of committing theft" could not be proven at trial, then the theft and the assault were separate events, and Appellant could not be found guilty of robbery or aggravated robbery. Consequently, because Appellant did not dispute that he committed theft, the central issue at trial was whether Appellant pulled a knife on Mondragon during or in immediate flight after the commission of the theft. We believe there is more than a scintilla of evidence from which the jury could have reasonably determined that theft is a valid, rational alternative to aggravated robbery.

_____

[5]"Immediate flight" is not defined in the Penal Code, but Black's Law Dictionary defines "immediate" as "[o]ccurring without delay; instant," "[n]ot separated by other persons or things," or "[h]aving a direct impact; without an intervening agency." BLACK'S LAW DICTIONARY 751 (7th ed. 1999).

After stealing the nail gun, Appellant fled the work area and went into an apartment. He remained inside the apartment for five to twenty minutes, during which time he hid the nail gun and changed clothes. Appellant eventually exited the apartment and walked to another part of the complex, where he conversed with a group of individuals for five to ten minutes. Then, he was on his way back to the apartment when he spotted Mondragon and pulled a knife. In all, this amounts to more than a scintilla of evidence raising a lesser-included offense; this evidence was sufficient to raise a fact question concerning whether Appellant's use of the knife occurred in the course of or in immediate flight from the theft. It would not be a case of the jury simply disbelieving certain evidence, which is not enough to entitle the defendant to a lesser-included offense instruction. Rather, the fifteen to thirty minute delay and the intervening activities, including Appellant's act of leaving the apartment, could rationally be interpreted as evidence that he was no longer fleeing from the theft.

"[A]s long as evidence from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed, and a jury charge on the issue is properly requested, the issue must be submitted to the jury." *Thomas*, 699 S.W.2d at 849. It is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense. *Rousseau*, 855 S.W.2d at 672; *see Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). Here, a jury charge on theft was properly requested, and the evidence supported submitting that charge. A rational jury could

conclude, based upon the evidence presented, that the assault was a separate event from the theft, meaning that Appellant could have been guilty only of the lesser offense of theft and not aggravated robbery. The court of appeals erred in holding that theft was not raised by the evidence.

## VI. CONCLUSION

Evidence was presented at trial that supported giving a jury instruction on the lesser-included offense of theft. We therefore reverse the judgment of the First Court of Appeals and remand the cause to that court to conduct a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

Hervey, J.

Delivered: October 19, 2011

Publish