

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0435-11

**JOSHUA LEE GOAD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### ECTOR COUNTY

**KELLER, P.J., filed a concurring opinion.**

I think Goad was entitled to an instruction on criminal trespass because (1) the jury had to make some kind of inference in order to find him guilty of *either* the charged offense or the lesser, (2) inferences supporting both offenses were rational, and (3) there was affirmative evidence to support the lesser offense.

A jury may infer intent to commit theft from a forcible entry into the home.[1]  In this case, there was no testimony about Goad's intent specifically, so a jury would have had to

---

[1] *Gear v. State*, 340 S.W.3d 743, 748 n. 9 (Tex. Crim. App. 2011).

make that inference in order to find him guilty of burglary. But while that inference is permissible, it would also be rational for a jury to infer from the evidence that Goad was just looking for his dog. Juries are entitled to choose among multiple reasonable inferences, as long as each inference is supported by the evidence presented at trial.[2] Here, at least two rational inferences were supported by the evidence.

In *Hooper* we discussed the difference between inference and speculation.[3] While *Hooper* dealt with sufficiency of the evidence, the distinction it draws is nevertheless helpful in the context of lesser offenses. Where there is no testimony as to intent, the inference necessary to find guilt of the lesser offense might be so attenuated that it would amount to speculation, and therefore be an inadequate basis for submission of the lesser. For instance, if the break-in in this case had occurred a month after the dog incident, the testimony about the incident would probably not entitle Goad to submission of criminal trespass. The inference necessary to find guilt of the lesser would be so attenuated that it would not be sufficiently based on facts or evidence.[4]

In sufficiency reviews, courts determine "whether the necessary inferences are

---

[2] *Evans v. State*, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006) (when evidence "gives rise to at least two, reasonably equal, plausible inferences . . . . it is clearly the jury that makes the choice of which inference to accept"). *See also Sweed v. State*, 2011 Tex. Crim. App. LEXIS 1395, 15-16 (October 19) (fifteen to thirty minute delay between theft and assault and intervening activities raised competing inferences regarding whether the defendant was still fleeing from the theft at the time of the assault).

[3] *Hooper v. State*, 214 S.W.3d 9, 15, 16 (Tex. Crim. App. 2007) .

[4] *See id*.

reasonable based upon the combined and cumulative force of all the evidence" when viewed in the light most favorable to the verdict.[5] For a jury instruction on a lesser-included offense to be warranted, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense.[6] In determining whether a lesser offense is a valid rational alternative to the greater offense in cases where intent must be inferred, I think the question to be answered is "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence" when viewed in the light most favorable to the submission of the lesser offense.

Finally, not all inferences as to intent are rational. Absent affirmative evidence, such as exists in this case, any inference that a defendant possessed a lower mental state than that for the charged offense would be mere speculation. The lesser offense would not be raised because, to borrow *Hooper*'s terms, it would not be sufficiently based on facts or evidence.

I join the opinion of the Court.

Filed: November 9, 2011
Publish

---

[5] *Id.*

[6] *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).