IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0435-11






JOSHUA LEE GOAD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


ECTOR COUNTY





 Keller, P.J., filed a concurring opinion.


 I think Goad was entitled to an instruction on criminal trespass because (1) the jury
had to make some kind of inference in order to find him guilty of either the charged offense
or the lesser, (2) inferences supporting both offenses were rational, and (3) there was
affirmative evidence to support the lesser offense. 

 A jury may infer intent to commit theft from a forcible entry into the home. (1) In this
case, there was no testimony about Goad's intent specifically, so a jury would have had to
make that inference in order to find him guilty of burglary. But while that inference is
permissible, it would also be rational for a jury to infer from the evidence that Goad was just
looking for his dog. Juries are entitled to choose among multiple reasonable inferences, as
long as each inference is supported by the evidence presented at trial. (2) Here, at least two
rational inferences were supported by the evidence. 

 In Hooper we discussed the difference between inference and speculation. (3) While
Hooper dealt with sufficiency of the evidence, the distinction it draws is nevertheless helpful
in the context of lesser offenses. Where there is no testimony as to intent, the inference
necessary to find guilt of the lesser offense might be so attenuated that it would amount to
speculation, and therefore be an inadequate basis for submission of the lesser. For instance,
if the break-in in this case had occurred a month after the dog incident, the testimony about
the incident would probably not entitle Goad to submission of criminal trespass. The
inference necessary to find guilt of the lesser would be so attenuated that it would not be
sufficiently based on facts or evidence. (4) 

 In sufficiency reviews, courts determine "whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence" when viewed
in the light most favorable to the verdict. (5) For a jury instruction on a lesser-included offense
to be warranted, the evidence must establish the lesser-included offense as a valid rational
alternative to the charged offense. (6) In determining whether a lesser offense is a valid rational
alternative to the greater offense in cases where intent must be inferred, I think the question
to be answered is "whether the necessary inferences are reasonable based upon the combined
and cumulative force of all the evidence" when viewed in the light most favorable to the
submission of the lesser offense.

 Finally, not all inferences as to intent are rational. Absent affirmative evidence, such
as exists in this case, any inference that a defendant possessed a lower mental state than that
for the charged offense would be mere speculation. The lesser offense would not be raised
because, to borrow Hooper's terms, it would not be sufficiently based on facts or evidence.

 I join the opinion of the Court. 

Filed: November 9, 2011

Publish 
1. Gear v. State, 340 S.W.3d 743, 748 n. 9 (Tex. Crim. App. 2011).
2. Evans v. State, 202 S.W.3d 158, 165 (Tex. Crim. App. 2006) (when evidence "gives rise
to at least two, reasonably equal, plausible inferences . . . . it is clearly the jury that makes the choice
of which inference to accept"). See also Sweed v. State, 2011 Tex. Crim. App. LEXIS 1395, 15-16
(October 19) (fifteen to thirty minute delay between theft and assault and intervening activities raised
competing inferences regarding whether the defendant was still fleeing from the theft at the time of
the assault).
3. Hooper v. State, 214 S.W.3d 9, 15, 16 (Tex. Crim. App. 2007) .
4. See id. 
5. Id.
6. Segundo v. State, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008).