COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| HARLEY DAVIDSON TROTT, | § | No. 08-11-00305-CR |
| Appellant, | § | Appeal from the |
| v. | § | 432nd Judicial District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1239719R) |
| | § | |

## **O P I N I O N**

Harley Davidson Trott appeals the trial court's judgment convicting him of aggravated robbery and sentencing him to 16 years' imprisonment.   In a single issue, Trott contends that the evidence is insufficient to support his conviction.   We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Trott and an accomplice walked into a liquor store.   Approximately twelve minutes later, they walked out without paying for a bottle of vodka concealed in a backpack.   Within minutes, Trott and his accomplice were spotted in the parking lot by a store employee, who alerted Steven Russell, the owner.   Russell confronted Trott in the parking lot and demanded that Trott return the bottle.   When Trott brandished an object that Russell believed was a knife, Rusell backed off and told Trott that he was calling the police, prompting Trott to flee.   Seven minutes after Trott and his

accomplice walked out of the store, Fort Worth Police Officers Michael Sones and R.G. Bittinger were dispatched. Shortly after arriving, Officer Bittinger captured Trott and recovered a screwdriver Trott dropped.

## SUFFCIENCY OF THE EVIDENCE

In his single issue, Trott contends that the evidence is insufficient to sustain his conviction because the record "does not show that [his] threats occurred during 'immediate flight' after the theft." We disagree.

### *Standard of Review*

In *Brooks v. State*, the Court of Criminal Appeals abandoned factual sufficiency review in those cases where the burden of proof is beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996)). The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95. Therefore, we will review the evidence under the *Jackson* legal sufficiency standard and determine whether the evidence is sufficient to support the challenged elements beyond a reasonable doubt. *See id.*, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the

2

offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. Under a legal sufficiency review, we may not substitute our judgment for that of the jury, who is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jury's resolution of these issues and to its responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

### *Applicable Law*

A person commits robbery if "in the course of committing theft" and "with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX.PENAL CODE ANN. § 29.02(a)(2)(West 2011).[1] To prove aggravated robbery, the State must prove robbery plus an aggravating factor, such as the defendant "uses or exhibits a deadly weapon." *Id*. at § 29.03(a)(2). The robbery element of "[i]n the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or *in immediate flight after the attempt or commission of theft*." *Id*. at § 29.01(1) [Emphasis added].

---

[1] A person commits theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a)(West Supp. 2012).

3

*Discussion*

When viewed in the light most favorable to the verdict, the evidence adduced at trial was sufficient for the jury to reasonably conclude that Trott was in immediate flight from theft when he threatened Russell with the screwdriver.

The term "immediate flight" is not statutorily defined. However, the term "immediate" was recently defined by the Court of Criminal Appeals. In *Sweed v. State*, the Court held that the trial court erred by failing to give a lesser-included-offense instruction of theft in a case in which the appellant was charged with aggravated robbery. 351 S.W.3d 63, 69-70 (Tex.Crim.App. 2011). The central issue at trial was whether the appellant pulled a knife on the complainant during, or in immediate flight after, the commission of the theft. *Id.* at 69. Recognizing that there is no statutory definition of "immediate flight" and relying upon Black's Law Dictionary, the Court defined "immediate" as "[o]ccurring without delay; instant," "[n]ot separated by other persons or things," or "[h]aving a direct impact; without an intervening agency." *Id.* at 69 n.5, *citing* BLACK'S LAW DICTIONARY 751 (7th ed. 1999). Because there was evidence in the record of a fifteen- to thirty-minute delay between the appellant's flight following his commission of the theft and the appellant's use of the knife, as well as other intervening activities, the Court concluded that a rational inference existed that the appellant was no longer fleeing from the theft when he used the knife. *Id.* at 69.

Here, there was no delay or intervening activity to break the nexus between Trott's flight from theft and his use of the screwdriver. As noted above, the jury heard testimony that Trott exited the liquor store approximately twelve minutes after entering it and that, minutes later, he was spotted in the parking lot where he was immediately confronted by Russell. The jury also

4

heard testimony that seven minutes elapsed from the time that Trott walked out of the store to the time that two police officers were dispatched to the scene and that Trott threatened Russell with the screwdriver at some stage in this seven-minute period.   Given these circumstances, the jury was justified in concluding that, when Trott brandished the screwdriver, he did so while in immediate flight from theft.

Trott asserts in his brief that "no rational trier of fact could have found . . . that [he] threatened [Russell] during an 'immediate flight' following the theft" because he drove away "[i]mmediately after the theft" only to be confronted by Russell "ten to fifteen minutes later" when he returned to the parking lot.   Trott, however, does not direct us to, nor can we find, any evidence in the record to substantiate his claim that left the parking lot in a car and returned.   Indeed, Trott and his accomplice both testified that, after stealing the bottle, they walked across the street to a McDonald's restaurant where Trott remained a few minutes before walking to a supermarket. Trott does point to Russell's testimony that ten to fifteen minutes elapsed from the time that Trott left the store to the time that Russell encountered Trott in the parking lot as evidence that a relatively long period passed between the two events.   However, as established above, the jury also heard testimony that Trott threatened Russell with the screwdriver a few minutes after stealing the vodka bottle.   As the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence, the jury was free not only to accept the version of events advocated by the State and to reject the one promoted by Trott, but also to reject any part of Russell's uncontradicted testimony.  *See Williams*, 235 S.W.3d at 750; *Margraves*, 34 S.W.3d at 919; *Henderson*, 29 S.W.3d at 623.   That the jury chose to do so in this case was its prerogative, and in conducting our legal sufficiency review, we are prohibited from re-evaluating the weight

5

and credibility of the evidence or substituting our judgment for that of the jury.   *See Williams*, 235 S.W.3d at 750; *Margraves*, 34 S.W.3d at 919; *Henderson*, 29 S.W.3d at 623.

We conclude that the evidence is legally sufficient to support the jury's verdict that Trott was guilty of aggravated robbery because when Trott threatened Russell with the screwdriver, he was in immediate flight following his theft of the vodka bottle.   Accordingly, we overrule Trott's single issue.

## CONCLUSION

The trial court's judgment is affirmed.


March 13, 2013
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)