# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-40787
Summary Calendar

JOE ISAAC JOHNSON,

                                        Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-124

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Joe Isaac Johnson, former Texas prisoner # 1384642, was convicted of engaging in organized criminal activity and theft and was sentenced to serve 35 years in prison. The district court granted Johnson a certificate of appealability (COA) on the issue whether counsel rendered ineffective assistance "because 'the trial court was never presented with Petitioner's Fourth Amendment claim through his trial counsel that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

search of his impounded vehicle by [Texas Department of Public Safety] officer Snyder was an unlawful search.'"

Because claims of ineffective assistance of counsel involve mixed questions of law and fact, they are controlled by 28 U.S.C. §2254(d)(1). *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Thus, a petitioner will not receive relief on such a claim absent a showing that the state court's disposition of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quoting §2254(d)(1)). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must establish both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." The combined standards of *Strickland* and § 2254(d) are "doubly deferential. We take a highly deferential look at counsel's performance, through the deferential lens of § 2254(d)." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (citations omitted) (internal quotation marks omitted).

We review the district court's determination of these questions de novo. *See Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009). In the circumstances here at issue, Johnson must show that the disputed evidence would have been suppressed had it been objected to and that, absent the excludable evidence, there is a reasonable probability of a different verdict. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). He has not made this showing because the remaining evidence adduced at trial suffices to uphold his conviction. *See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011); *Adi v. State*, 94 S.W.3d 124, 128 (Tex. App. 2002).

The testimony of Johnson's accomplice showed that Johnson and others conspired to commit and committed theft by taking trucks from dealerships with the intent to deprive the dealerships of those vehicles. *See Sweed*, 351 S.W.3d at 68; *Adi*, 94 S.W.3d at 129. This was not, however, the only evidence "tending to connect" Johnson to the offense. *See Joubert v. State*, 235 S.W.3d 729, 731

(Tex. Crim. App. 2007).   Rather, testimony from several police officers was consistent with the accomplice's version of events and further tied Johnson to the offense.  *See Sweed*, 351 S.W.3d at 68; *Joubert*, 235 S.W.3d at 731; *Adi*, 94 S.W.3d at 129.   Johnson has not shown that he is entitled to relief on his ineffective assistance claim.   The district court's judgment as to this claim is AFFIRMED.

Additionally, Johnson requests a COA on his claim that the district court erred by denying his request for an evidentiary hearing.  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).   Because the record was adequate to dispose of his claims, Johnson was not entitled to an evidentiary hearing.  *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000); *see also Cullen v. Pinholster*, 131 S. Ct.1388, 1400 (2011).  His COA request is DENIED.