# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40139

DONNIE EARL DUCKSWORTH,

      Petitioner - Appellee

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-318

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:*

Respondent-Appellant Lorie Davis, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice ("the State"), appeals the district court's grant of habeas relief under 28 U.S.C. § 2254 to Petitioner-Appellee Donnie Ducksworth ("Ducksworth"). At Ducksworth's state jury trial on two counts of aggravated robbery, his counsel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40139

did not request a lesser-included offense charge of robbery. The district court determined that counsel's omission constituted deficient performance that resulted in prejudice to Ducksworth. After reviewing the record, however, we hold that the district court erred in finding prejudice under the familiar *Strickland v. Washington*[1] ineffective-assistance-of-counsel test. We therefore reverse the district court's judgment and render judgment for the State.

## I.

### A.    FACTUAL BACKGROUND[2]

On November 3, 2012, Ducksworth, along with his wife, Connie Peters ("Peters"), drove their pickup truck into a construction site of Triple B Construction Service. Ducksworth exited the truck, picked up pieces of rusty pipe, and placed it in the bed of his vehicle. Two construction workers and brothers, Jose and Ruben Vera (the "Veras"), approached Ducksworth to tell him that the pipe was not construction debris and that he could not take them. According to the Veras, Ducksworth pulled a knife partially out of his pocket, threatened them, and left the construction site with the pipe. The Veras then called the police; a few minutes later, Ducksworth and his wife were stopped and arrested. The police found the pipe and a knife in the bed of Ducksworth's truck. The State charged Ducksworth with two counts of aggravated robbery.

### B.    DUCKSWORTH'S TRIAL

Ducksworth was represented by appointed counsel Faye Gordon ("Gordon"). At trial, Peters testified that a third construction worker had given his consent to Ducksworth to take the pipe before the Veras intervened. Peters said they kept the knife in the cab of the truck and used it to operate the truck's broken ignition. She also testified that the knife remained in the cab of the

---

[1] 466 U.S. 668 (1984).

[2] *See Ducksworth v. State*, No. 01-13-00616-CR, 2014 WL 2582895, at *1 (Tex. App. June 10, 2014).

No. 18-40139

truck throughout the confrontation, meaning Ducksworth could not have used it to threaten the Veras. The Veras, on the other hand, told the jury that Ducksworth partially revealed his knife and made verbal threats. Ducksworth did not testify.

At the charge conference with the trial court, Gordon initially requested that a charge for theft be included in the jury instructions as a lesser-included offense. The State objected, arguing that the defendant had presented no evidence "as to [the] value [of the pipe] of any sort [for] theft." The trial court referred both counsel to a Texas Court of Criminal Appeals case, *Sweed v. State*,[3] and instructed them to review it to see whether there was enough evidence to warrant a lesser-included offense charge for theft. After a short recess, the court again asked whether counsel had any further objections or changes to the proposed charge. Gordon continued to ask for "a lesser-included offense [charge]." The court, in response, inquired from Gordon whether she had prepared "a proposed instruction [for the court]." After an off-the-record discussion, Gordon withdrew her request, saying "I reviewed the charge. I don't have any additions or deletions." The charge approved by Gordon included instructions on aggravated robbery only.

Consistent with the charge, the verdict form presented the jury with two options: acquittal or conviction on two counts of aggravated robbery. The jury found Ducksworth guilty on the latter. Six months later, at the punishment phase, Ducksworth pleaded true to the habitual offender enhancement, and the jury sentenced him to sixty years of imprisonment.

---

[3] 351 S.W.3d 63 (Tex. Crim. App. 2011).

## C.    STATE HABEAS PROCEEDING

After the Texas First Court of Appeals affirmed the jury's conviction,[4] Ducksworth filed a habeas petition in state court. Ducksworth argued that Gordon rendered ineffective assistance by failing to request a lesser-included jury charge on robbery. Ducksworth claimed that he was prejudiced by Gordon's deficient performance because Ducksworth would be eligible for parole in 7.5 years if convicted of robbery, whereas he would only be eligible for parole in 30 years upon conviction of aggravated robbery.

Applying *Strickland*'s two-prong test, the state habeas court found no deficient performance or prejudice. The court held: "There is nothing in the record to suggest that if Ms. Gordon had discussed parole eligibility with Applicant after it was determined that the Court would not allow a charge of [t]heft, that Applicant would have wanted the charge of [r]obbery submitted." The state court also found that a robbery charge would have lessened Ducksworth's available defenses; therefore, it was reasonable for Gordon to withdraw this charge. The court concluded that any argument of deficient performance or prejudice was speculative, and denied Ducksworth's petition.[5]

## D.    FEDERAL HABEAS PROCEEDING

Ducksworth next sought habeas relief in federal court. The district court found that Gordon performed deficiently at trial. The court noted that because Texas law supported a robbery instruction and Gordon's purported tactic to refrain from requesting it was not a reasonable execution of an all-or-nothing

---

[4] Because Gordon "failed to give [a proposed instruction]" and instead said she "did not have any additions or deletions to the court's" proposed jury charge, the state appellate court found that Ducksworth "failed to make a proper request" for a lesser-included offense instruction for theft. *Ducksworth*, 2014 WL 2582895, at *5 (internal quotation marks omitted). Additionally, the court determined that the trial judge did not err in failing to give *sua sponte* a lesser-included offense instruction for theft, and that Gordon failed to preserve any such error. *Id.*

[5] The Texas Court of Criminal Appeals denied review without a written opinion.

strategy, Gordon acted ineffectively at trial. The district court concluded that "the significant difference in parole eligibility establishes prejudice," and "a robbery instruction would have given [] Ducksworth's jury a vehicle for reasonable doubt as to whether Ducksworth used or exhibited a deadly weapon to facilitate the offense." Holding that the state court's ruling was contrary to or an unreasonable application of *Strickland*, the district court granted Ducksworth habeas relief, pending the result of this appeal. The district court, however, never engaged with the evidence to show why there is a reasonable probability that the evidence in this case might have led to a verdict only on the lesser-included offense of robbery.

We now address the issues below.

## II.

We review "a district court's grant of summary judgment in a habeas proceeding *de novo*."[6] Because a state court has adjudicated Ducksworth's claims on the merits, our review is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s so-called "relitigation bar."[7] We apply AEDPA's standards to the "last reasoned state court decision" on the claim[8]— that is, here, the decision of the 412th District Court of Brazoria County, Texas. Under AEDPA, we "presume all state court findings of fact to be correct in the absence of clear and convincing evidence."[9]

---

[6] *Ogan v. Cockrell*, 297 F.3d 349, 355–56 (5th Cir. 2002) (citing *Soffar v. Johnson*, 237 F.3d 411, 449 (5th Cir. 2000)).

[7] *See* 28 U.S.C. § 2254(d)(1).

[8] *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (quoting *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007)) (internal quotation marks omitted).

[9] *Ogan*, 297 F.3d at 356 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(e)(1).

No. 18-40139

## III.

On appeal, the State argues that Ducksworth received constitutionally effective assistance of counsel at trial as required by the Sixth Amendment. To succeed on this claim, a petitioner must show two elements: (1) that counsel's performance was constitutionally deficient and (2) that such deficiency prejudiced the defense.[10] We elect to decide this case solely on the prejudice prong of *Strickland*. Assuming, without deciding, that deficient performance has been established, we hold that Ducksworth fails to meet his burden to demonstrate prejudice.[11]

As we have recognized, "[t]o demonstrate prejudice, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"[12] "The likelihood of a different result must be substantial, not just conceivable."[13]

"[I]n ineffective-assistance cases involving a failure to request a lesser-included-offense instruction, *Strickland* requires a reviewing court to assess the likelihood that the defendant's jury would have convicted only on the lesser included offense."[14] "Surmounting *Strickland*'s high bar is never an easy task."[15] "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury."[16] "This inquiry necessarily examines the

---

[10] *Strickland*, 466 U.S. at 687.

[11] Because Ducksworth cannot show prejudice, we need not discuss whether Gordon's performance was deficient. *See id*. at 697.

[12] *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694).

[13] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

[14] *Crace v. Herzog*, 798 F.3d 840, 849 (9th Cir. 2015) (citation omitted).

[15] *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

[16] *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

strength of the other evidence in the case weighed against the egregiousness of counsel's error."[17]

In this case, we are satisfied that Gordon's failure to request a robbery charge did not result in prejudice to Ducksworth under *Strickland*. That is, we cannot say that it is likely the jury would have convicted Ducksworth only for robbery and not aggravated robbery.

The record here is light. Five witnesses testified: the Vera brothers, two responding officers, and Ducksworth's wife, Connie Peters. Under Texas law, robbery is a lesser-included offense of aggravated robbery,[18] and the evidence at trial supports both convictions. The main difference between the two here is that under an aggravated robbery charge, the State must prove that the defendant threatened the victims with a "deadly weapon," such as a knife, that "is capable of causing serious bodily injury or death. . . ."[19] The State need not prove the use of a deadly weapon to establish simple robbery.

In order to find prejudice, Ducksworth would have to show a reasonable probability that the jury would have credited the testimony of Peters over that of the Vera brothers. He cannot do so here. Peters testified that a third construction worker gave Ducksworth permission to take the pipe, and that the knife remained in the cab of the truck—and not on Ducksworth—

---

[17] *Thomas v. Vannoy*, 651 F. App'x 298, 301 (5th Cir. 2016) (unpublished) (citing *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010)). While our unpublished opinions are not controlling precedent, they may be persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation omitted).

[18] *Compare* Aggravated Robbery (TEX. PENAL CODE ANN. § 29.03(a)(1) & (2)) ("A person commits an offense if he commits robbery as defined in Section 29.02 [Robbery], and he: (1) causes serious bodily injury to another; [or] (2) uses or exhibits a deadly weapon.") *with* Robbery (TEX. PENAL CODE ANN. § 29.02(a)(1) & (2)) ("A person commits an offense if, in the course of committing theft as defined in Chapter 31 [Theft] and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.").

[19] *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); *see Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008) (citing TEX. PENAL CODE § 1.07(a)(17)).

throughout the confrontation.  The Veras, on the other hand, testified that Ducksworth partially revealed his knife and made verbal threats; as a result, they feared imminent serious bodily injury or death.  With only these two conflicting accounts of the confrontation, the issue boils down to one of credibility.  We find it unlikely the jury would have credited Peters' testimony over that of the Veras:  Peters is Ducksworth's wife, and charges were pending against her arising out of the same incident.  On the contrary, the jury had little reason not to accept the Veras' testimony.  Moreover, the police did in fact find the pipe and knife in Ducksworth's truck.  Even more problematic for Ducksworth, a verdict finding him guilty of robbery but not aggravated robbery would have required the jury to credit Peters on some aspects of her testimony (that no weapon was displayed) but then disbelieve other aspects (that there was consent for Ducksworth to take the pipe).  Without any indication in the record that the jury would have convicted Ducksworth only on robbery, we determine that the district court erred in finding prejudice.

We agree with the state habeas court that Petitioner failed to show a reasonable probability of a different result if the jury had been given the option of convicting Ducksworth of robbery.  Such speculation cannot be the basis to support a finding of prejudice under *Strickland*.[20]  Accordingly, even if Gordon erred in failing to request a robbery charge, such omission is insufficient to undermine our confidence in the outcome of Ducksworth's trial.[21]  We therefore conclude that, "[e]ven if [Duckworth's] ineffective-assistance-of-counsel claim were eligible for *de novo* review," the district court erred in granting Ducksworth habeas relief.[22]  Consequently, we need not discuss the application of AEDPA's relitigation bar.

---

[20] *See Harrington*, 562 U.S. at 112.

[21] *See Strickland*, 466 U.S. at 694.

[22] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

No. 18-40139

## IV.

For the foregoing reasons, we **REVERSE** the district court's judgment, and **RENDER** judgment for the State.

**REVERSED; JUDGMENT FOR APPELLANT.**