**AFFIRMED and Opinion Filed December 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00034-CR
_____

### JUAN CARLOS FLORES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069074**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Bridges

A jury convicted appellant Juan Carlos Flores of aggravated robbery, and the trial court sentenced him to fifteen years' imprisonment. He raises two issues on appeal. First, he argues the evidence is legally insufficient to establish he used or exhibited a deadly weapon during the robbery. In his second issue, he contends the trial court erred by denying his motion to suppress after an illegal search of his home. We affirm.

### Background

On September 4, 2017, Nanu Shapakota was working at a convenience store she owned with her husband. Around 8:30 p.m., she heard someone enter. She turned around and saw a man with his face covered holding what she thought was a gun. Shapakota was scared and started shaking. The man told her she had one minute to put all the money from the register in a bag. She

felt threatened and was afraid he would hurt her if she failed to comply. She immediately pulled all the money from the register and put it in the bag. The man then ordered her to the restroom so he could leave. She obeyed, appellant left, and she immediately called 911.

Sergeant Brian Conrad responded to the call. He watched the surveillance video and noted appellant arrived and left the store in a silver Tahoe. From the video, it was determined the "gun" was a drill wrapped in plastic bags.

The police released the surveillance video on Facebook. Three people saw the video, recognized appellant, and called police. Officer Kyle Mackay returned the call and gathered information, which included an address. Officer Mackay went to the address provided. When he pulled up, he immediately saw a silver Tahoe. Based on the surveillance video, he believed it was the same vehicle. Officer Mackay knocked on the front door and appellant's wife, Isabel Flores, answered. She said appellant was at work. She gave consent to search the Tahoe, but Officer Mackay did not recover any evidence. He left his card with Isabel and instructions for appellant to call him.

After a few days passed and appellant did not call, Officer Mackay returned to the home. Isabel said appellant left for Florida, but she invited Officer Mackay inside the home. Inside a bedroom, Officer Mackay saw a cordless drill with a long bit attached sitting on a bookshelf in plain view. Next to the bookshelf on the ground was a ripped plastic bag matching the color of the bag in the surveillance video. He also noticed a plastic bag on the floor of the open closet. Officer Mackay believed the drill and plastic bags related to the robbery. He seized the evidence.

Appellant was arrested for aggravated robbery. He filed a motion to suppress, which the trial court denied. The case proceeded to trial, and the jury convicted him. This appeal followed.

**Sufficiency of the Evidence**

In his first issue, appellant contends the evidence is insufficient to show he used or exhibited a deadly weapon during the robbery. As charged in this case, a person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, appellant intentionally or knowingly threatened or placed complainant in fear of imminent bodily injury or death. *See* TEX. PENAL CODE ANN. § 29.02(a)(2). A person commits aggravated robbery if he commits robbery, and the State proves an aggravating factor. *Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011). In this case, the aggravating factor was the use or exhibition of a deadly weapon: a drill. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). "Deadly weapon" means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17)(B). "Use" means the deadly weapon was employed, utilized, or applied in order to achieve its intended result, the commission of a felony. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) (en banc). "Exhibited" means the weapon was consciously shown or displayed during the commission of the offense. *Id*. The court of criminal appeals requires a two-step process in determining whether a "deadly weapon" was "used or exhibited." *See McCain v. State*, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000) (en banc) (first analyze whether object could be a deadly weapon and if so, then determine whether the deadly weapon was "used" or "exhibited" during the offense).

When reviewing sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360.

Appellant does not dispute that a drill is capable of causing death or serious bodily injury, but rather argues that under these facts, the evidence is insufficient to find the drill "in its use or intended use was capable of causing death or serious bodily injury." He asserts that whether the drill *could* have been used to strike or puncture Shapakota is not the relevant inquiry. Instead, he contends we should review the evidence to determine whether appellant *actually* used the drill in such a way that it was capable of causing death or serious bodily injury. Because appellant pointed the drill like a gun, but did not strike Shapakota or raise the drill as if to strike, he argues no evidence exists to support the aggravating element.

We reject appellant's argument. A defendant uses a deadly weapon during the commission of the offense when the weapon is employed or utilized to achieve its purpose. *Patterson v. State*, 769 S.W.2d at 941. Use of a deadly weapon refers to the wielding of a firearm with effect, but also extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. *Plummer v. State*, 410 S.W.3d 855, 864–65 (Tex. Crim. App. 2013); *Patterson*, 769 S.W.2d at 941. To exhibit a deadly weapon, the weapon need only be consciously displayed during the commission of the offense. *Patterson*, 769 S.W.2d at 941. In the context of violent offenses, if a person exhibits a deadly weapon, without overtly using it to harm or threaten while committing a felony, the deadly weapon still provides intimidation value that assists the commission of the felony. *Plummer*, 410 S.W.3d at 862.

Here, although appellant did not use the drill to overtly harm Shapakota, he certainly used it for intimidation value to accomplish the crime. Shapakota testified appellant held and pointed the drill at her like a gun. She was afraid appellant was going to use it to hurt her. The jury watched the surveillance video in which his threat is audible and the weapon is visible. Sergeant Conrad testified a drill is a deadly weapon because the sheer weight could bludgeon someone to death or a drill bit could stab someone. Thus, appellant used and exhibited the drill in such a way

that it was capable of causing death or serious bodily injury, and he used it to facilitate the robbery. *See Plummer*, 410 S.W.3d at 865 (deadly weapon finding must contain some facilitation connection between the weapon and the felony); *see also Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002) ("In proving use of a deadly weapon other than a deadly weapon per se, the State need show only that the weapon used was capable of causing serious bodily injury or death in its use or *intended use*.") (emphasis added).

We review the record to determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that appellant used or exhibited a deadly weapon during commission of the offense. *See Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); *Cervantes v. State*, No. 05-16-00425-CR, 2017 WL 1164589, at *2 (Tex. App.—Dallas Mar. 29, 2017, no pet.). The record supports the jury's determination. We overrule appellant's first issue.

### Motion to Suppress

In his second issue, appellant argues the trial court erred by denying his motion to suppress evidence after an illegal search of his home. The State responds evidence was legally seized in plain view.

We review a trial court's suppression ruling under an abuse-of-discretion standard. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (en banc). At a suppression hearing, the trial judge is the sole fact-finder. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

When inside a house, officers may seize evidentiary items found in plain view if (1) the initial intrusion was proper, and (2) it was immediately apparent to the officer that he had evidence before him. *See Miller v. State*, 393 S.W.3d 255, 266 (Tex. Crim. App. 2012); *see also Beaver v. State*, 106 S.W.3d 243, 249 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). "Immediately apparent" means simply that the viewing officers must have probable cause to believe an item in plain view is contraband before seizing it. *State v. Dobbs*, 323 S.W.3d 184, 189 (Tex. Crim. App. 2010). Probable cause exists where the facts available to the officer would warrant a man of reasonable caution to believe that certain items may be contraband. *Tex. v. Brown*, 460 U.S. 730, 742 (1983). "[I]t does not demand any showing that such a belief be correct or more likely true than false." *Id*.

Appellant has not challenged whether Officer Mackay was properly inside the home, but instead, focuses on the second prong—whether it was immediately apparent the drill and plastic bags were evidence. Officer Mackay was the only witness to testify at the suppression hearing. He explained the responding officers determined appellant used a power drill, wrapped in plastic, with a bit attached to the end during the robbery. Officer Mackay reviewed the surveillance video and agreed with the responding officers' assessment of the weapon.

Officer Mackay testified that when Isabel allowed him into the home without a search warrant, his purpose was to look for appellant and "anything involved with the crime, or that was in the scope of plain view." He saw a drill in plain view on a shelf in a bedroom. He also saw two plastic bags—one of the floor of the bedroom near the shelf and the other on the floor of the open closet. He believed the items could have been used in the robbery based on what he observed in the surveillance video and what responding officers described. When defense counsel asked him on cross-examination if he immediately recognized the items as potential evidence, he answered yes. He testified he did not exceed the scope of Isabel's consent to search because she voluntarily

invited him into the home. He entered the bedroom looking for appellant. Inside the bedroom, he saw the drill and bags in plain view. He did not move, inspect, or manipulate the items. *See, e.g., Foreman v. State*, 561 S.W.3d 218, 241 (Tex. App.—Houston [14th Dist.] 2018, pet. granted) ("If an officer must manipulate, move, or inspect an object to determine whether it is associated with criminal activity, then the 'incriminating character' of the object could not be said to be immediately apparent.").

Although Officer Mackay testified he "believed" the items were evidence or "potential" evidence, we cannot conclude the trial court abused its discretion by denying the motion to suppress. At the conclusion of the hearing, the trial court stated the following:

> All right. Well, I think in light of the fact that he already had seen the video and the fact that the drill and the sacks he saw basically at the same time, I'm going to deny the motion.
>
> I think if it was just a drill and he hadn't seen the video, or if it was just the sacks by themselves, maybe not. I'll admit this is different than just seeing a gun sitting here or drugs.
>
> But, I think in light of the chronology of things, he basically saw those things together before he seized them. So, I'm going to deny the motion. I think he immediately knew what it was and he clearly had consent to be where he was.

We must give almost total deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Estrada*, 154 S.W.3d at 607. The evidence supports the trial court's implied finding that Officer Mackay had probable cause to associate the drill and plastic bags seen in plain view with criminal activity. Accordingly, the trial court did not abuse its discretion by denying appellant's motion to suppress. Appellant's second issue is overruled.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190034F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN CARLOS FLORES, Appellant

No. 05-19-00034-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 069074.
Opinion delivered by Justice Bridges.
Justices Whitehill and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 19, 2019