

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0768-12

**CYNTHIA ANN HUDSON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## CASS COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. WOMACK, J., joined except footnote 16. MEYERS, J., did not participate.

In the court of appeals, appellant complained that the trial judge erred in failing to submit to the jury a lesser-included offense. In sustaining that complaint, the court of appeals conducted its error analysis without considering possible intermediate lesser-included offenses that the evidence might have supported, and it conducted its harm analysis without considering the lesser-included offenses that were actually submitted to the jury. We shall reverse its judgment and remand for further proceedings.

# I. BACKGROUND

## A. Trial

On December 3, 2008, appellant's adopted thirteen-year-old son Samuel died after being brutally beaten. There was evidence that Samuel had also been confined to his room and deprived of food for several days. First responders noticed bruising "stripes" from the boy's neck to his feet.

Appellant was charged with capital murder. The indictment alleged that she intentionally murdered the victim during the course of a kidnapping.[1] The amended indictment alleged this theory of capital murder as follows:

> [Appellant] did then and there intentionally cause the death of an individual, namely, Samuel Hudson, by beating the said Samuel Hudson with a cord, a mop handle, a rake, a baseball bat, and by withholding food from the said Samuel Hudson when the defendant was under a legal duty as Samuel Hudson's parent to provide food for the said Samuel Hudson, and the defendant was then and there in the course of committing or attempting to commit the offense of kidnapping of Samuel Hudson.

The abstract portion of the jury charge instructed that a person commits capital murder if the person intentionally commits the murder in the course of committing or attempting to commit kidnapping. The application portion of the jury charge instructed the jury to find appellant guilty of capital murder if the jury believed that she "did then and there intentionally cause the death of Samuel Hudson" by the means alleged in the indictment and that this was done in the course of committing or attempting to commit kidnapping.

The jury charge also contained instructions regarding two lesser-included offenses: (1) murder and (2) injury to a child.[2] The jury was instructed to find appellant guilty of murder if it

---

[1] TEX. PENAL CODE § 19.03(a)(2).

[2] The jury charge also instructed the jury that injury to a child was a lesser-included offense of murder.

found that she intentionally or knowingly killed the victim and did not find that she committed a kidnapping.[3] The jury was instructed to find appellant guilty of injury to a child if it found that she intentionally or knowingly caused serious bodily injury to the victim[4] and did not find that she intentionally or knowingly caused the victim's death.

Appellant requested an instruction on the lesser-included offense of manslaughter. That instruction would have informed the jury that it could convict appellant of manslaughter if it found that she recklessly caused the death of the victim.[5] The trial judge refused to submit the requested manslaughter instruction.

At trial, appellant testified that she committed no offense. During closing arguments, the prosecutor argued that appellant was guilty of capital murder while defense counsel argued that appellant was not guilty of any of the submitted offenses. Appellant was convicted of capital murder and sentenced to life imprisonment.

**B. Appeal**

The court of appeals reversed this conviction because appellant did not receive an instruction

---

[3] *Id.* § 19.02(b)(1). The jury charge permitted the jury to decide that appellant did not commit a kidnapping either because her conduct did not satisfy the elements or because she established an affirmative defense to kidnapping based upon parental authority. This resulted in a number of application paragraphs relating to murder. Some of the application paragraphs included both the culpable mental states of "intentionally" and "knowingly" (in the disjunctive), either explicitly or by reference, and some included only the culpable mental state of intentionally. With respect to one of the instructions in the written charge that included only the term "intentionally," the trial judge's oral instruction varied by referring conjunctively to "intentionally and knowingly." The abstract portion of the jury charge defined murder with respect to both the "intentionally" and "knowingly" culpable mental states (in the disjunctive) and provided definitions of "intentionally" and "knowingly."

[4] *Id.* § 22.04(a)(1).

[5] *Id.* § 19.04.

on the lesser-included offense of manslaughter.[6]   Assessing the evidence solely with respect to the

offenses of capital murder and manslaughter, the court of appeals held that the trial court erred in

failing to submit a manslaughter instruction and that appellant was harmed as a result.[7]   With respect

to the issue of error, the court of appeals found that manslaughter was raised by the evidence because

almost all of appellant's statements tended to support the idea that she intended to discipline, not kill,

Samuel.[8]   Discussing evidence that it believed negated the culpable mental state of intent and

established recklessness, the court of appeals found the failure to submit the offense of manslaughter

to be harmful.[9]   The opinion of the court of appeals did not discuss other lesser-included-offense

instructions that were submitted to the jury.[10]

The State has filed a petition for discretionary review, complaining about the court of

appeals's error and harm analyses.[11]

## II. ANALYSIS

---

[6]  *Hudson v. State*, 366 S.W.3d 878, 889-92 (Tex. App.–Texarkana 2012).

[7]  *Id.*

[8]  *Id.* at 891.

[9]  *Id.* at 892.

[10]  *Id.*, *passim*.

[11]  The State's grounds are as follows:

1) Can circumstantial evidence that is subject to two interpretations be "affirmative evidence" of only one of them, thus entitling a defendant to an instruction on a lesser-included offense?

2) Is the failure to instruct the jury on a lesser-included offense actually harmful when the jury "passed" on the lesser-included offenses that were submitted and there is no evidence of jury confusion or misconduct?

## A. Error

Our cases indicate that, when the evidence relied upon to raise the requested lesser-included offense establishes a lesser-included offense that is greater than the one requested, then the defendant is not entitled to his requested submission.[12] Under the facts of the present case, there are three conceivable intermediate lesser-included offenses that are greater than manslaughter but are consistent with a culpable mental state of recklessness with respect to the victim's death: (1) murder based on intent to cause serious bodily injury,[13] (2) felony murder with the underlying felony of kidnapping,[14] and (3) felony murder with the underlying felony of injury to a child (if the parties in the present case were correct in their assessment that injury to a child was a lesser-included offense of the charged capital murder, then felony murder with the underlying felony of injury to a child would also be a lesser-included offense).[15] A complete analysis of whether a manslaughter instruction should have been given would, therefore, have included consideration of whether the evidence relied upon by appellant would have established one of these offenses and whether such

---

[12] *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) ("a defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that 'lies between' the requested and charged offenses"); *Forest v. State*, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999) (defendant charged with murder under § 19.02(b)(1) was not entitled to lesser-included offense of aggravated assault because "there was no evidence that [the defendant] was guilty only of anything less than some form of murder" as the evidence upon which he relied showed at least a murder under § 19.02(b)(2)).

[13] *See* TEX. PENAL CODE § 19.02(b)(2).

[14] *See id.* § 19.02(b)(3).

[15] *See id.*; *Contreras v. State*, 312 S.W.3d 566, 584 (Tex. Crim. App. 2010) (offense of felony murder can be predicated upon a killing during the course of the offense of injury to a child); *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999) (same).

a circumstance would have prevented her from being entitled to the submission of manslaughter.[16]

## B. Harm

In *Saunders v. State*, we held that a harm analysis regarding the failure to submit a lesser-included offense should take into account the existence of any lesser-included offenses that were submitted and that the jury's rejection of submitted lesser-included offenses could render error with respect to the unsubmitted lesser-included offense harmless.[17] The court of appeals did not discuss the effect of those submissions, nor did it discuss *Saunders* or its progeny.[18] A complete analysis would have considered whether the error was harmless in light of the submitted lesser-included offenses, as well as the parties' closing arguments.[19]

We reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion.

Delivered: March 27, 2013
Publish

---

[16] In its first ground for review, the State attacks the court of appeals's error analysis but does not complain about this specific aspect of the error analysis. Nevertheless, this issue is similar to the State's second ground for review in that it addresses the court of appeals's focus on only the charged offense versus the requested lesser offense. Consequently, we grant review of this issue on our own motion. *See* TEX. R. APP. P. 66.1 (we may grant review on our own initiative), 67.1 (review may be granted on our own initiative at any time before the mandate of the court of appeals issues). Because we remand this case to the court of appeals, the parties will have the opportunity to brief the issue. *See Pfeiffer v. State*, 363 S.W.3d 594, 599 n.16 (Tex. Crim. App. 2012). We dismiss the State's first ground for review without prejudice.

[17] 913 S.W.2d 564, 569-74 (Tex. Crim. App. 1995). *See also Masterson v. State*, 155 S.W.3d 167, 171-72 (Tex. Crim. App. 2005) (following *Saunders*).

[18] *Hudson*, *passim*.

[19] *See Saunders* 913 S.W.2d at 574 ("As with any purported errors in the jury charge, harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.") (internal quotation marks omitted).