

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00028-CR

_____

CYNTHIA ANN HUDSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2009-F-00005

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss
Concurring Opinion by Justice Carter

# OPINION

Cynthia Ann Hudson stands convicted for capital murder of her adopted son, Samuel. We previously reversed her conviction based on our holdings that there was evidence raising a jury question on whether she acted recklessly in causing Samuel's death and that the trial court thus harmfully erred in failing to instruct the jury on the lesser-included offense of manslaughter. *Hudson v. State*, 366 S.W.3d 878, 891–92 (Tex. App.—Texarkana 2012), *rev'd*, 394 S.W.3d 522 (Tex. Crim. App. 2013).

The Texas Court of Criminal Appeals reversed and remanded. That court ruled that we should have examined potential offenses, lying between the charged offense of capital murder and the requested offense of manslaughter, to determine if such potential offenses were, in truth, intermediate lesser-included offenses for which the mental state was consistent with the reckless mental state Hudson claimed qualified her for the manslaughter instruction. If there were any such intermediate lesser-included offenses, we should examine the evidence Hudson relied on to establish recklessness to see if that evidence would also establish any such intermediate offense. If so, Hudson would not be entitled to an instruction on manslaughter. *Hudson*, 394 S.W.3d at 525. We hold here that, because there was at least one such intermediate lesser-included offense established by the same evidence, Hudson was not entitled to an instruction on manslaughter. *See id*. We thus affirm Hudson's conviction and sentence.

In charging capital murder, the State alleged that Hudson intentionally caused Samuel's death in the course of kidnapping him.[1] *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2013), § 20.03 (West 2011). The Texas Court of Criminal Appeals, in reversing our original decision, ruled that we failed to consider whether the evidence relied on by Hudson to support her request to have the trial court give the jury a manslaughter charge would also establish "a lesser-included offense that is greater than the one requested," that is, greater than manslaughter but lesser than the charged capital murder.[2] The high court suggested for our analysis three possible offenses lesser than the charged capital murder,

> that are greater than manslaughter but are consistent with a culpable mental state of recklessness with respect to the victim's death: (1) murder based on intent to cause serious bodily injury, (2) felony murder with the underlying felony of kidnapping, and (3) felony murder with the underlying felony of injury to a child . . . . A complete analysis of whether a manslaughter instruction should have been given would, therefore, have included consideration of whether the evidence relied on by appellant would have established one of these offenses and whether such a circumstance would have prevented her from being entitled to the submission of manslaughter.

*Hudson*, 394 S.W.3d at 525 (footnotes omitted).

If any one of the possible intermediate lesser-included offenses would have been established by the evidence Hudson points to in her argument in favor of a manslaughter

---

[1] We refer the reader to our opinion on original submission for a detailed recitation of the facts of the case and our analysis of the appellate points. *See Hudson*, 366 S.W.3d 878, *rev'd*, 394 S.W.3d 522.

[2] Before being required to submit a lesser-included charge, the court must conclude: (1) the requested charge is for a lesser-included offense of the charged offense, and (2) there is some evidence that, if the defendant is guilty, he or she is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006) (citing *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005); *Campbell v. State*, 149 S.W.3d 149, 153 (Tex. Crim. App. 2004)). Further, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). This means the evidence must allow a jury to rationally conclude the appellant was guilty only of the lesser offense. *Id.* at 114.

instruction, she would be disqualified from the requested instruction.[3] We consider the last listed offense first, the offense of felony murder with the underlying felony of injury to a child,[4] to see whether this offense "lies between"[5] the manslaughter offense for which Hudson requested an instruction and the charged offense of capital murder.

An offense is a lesser-included offense if:

> (1)     it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2)     it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

---

[3]The Texas Court of Criminal Appeals stated, "[A] defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that 'lies between' the requested and charged offenses." *Flores v. State,* 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) (quoting *Jackson v. State*, 992 S.W.2d 469, 475 (Tex. Crim. App. 1999)). In *Jackson*, the defendant was charged and convicted of murder, and requested a lesser jury issue on aggravated assault. The only issue was whether he acted intentionally or recklessly, and there was no evidence he did not commit homicide. The only factual dispute in the case relevant to whether Jackson should have received a lesser-included-offense instruction was whether he caused the death intentionally or recklessly. The court pointed out that recklessly causing death is manslaughter, "an offense which lies between murder and aggravated assault." *Id.* Manslaughter was the only lesser offense raised by the evidence, and so Jackson was not entitled to a lesser-included-offense instruction on aggravated assault. *See also Thomas v. State*, 699 S.W.2d 845, 852 (Tex. Crim. App. 1985). Thomas was charged with murder and requested a lesser-offense instruction of criminally negligent homicide. While there was evidence of recklessness, and Thomas might have been entitled to an instruction on manslaughter, there was no evidence of negligence; therefore, he was not entitled to an instruction on the offense of criminally negligent homicide. Specifically, Thomas claimed self defense and accident; his evidence showed an awareness of the risk of injury or death involving the use or exhibition of a gun in the circumstances present. *Id.* Thus, there was no error in the trial court's denial of Thomas' requested lesser-offense instruction. In the *Flores* case, the charge was capital murder, and Flores requested a lesser-included-offense instruction of deadly conduct. The Texas Court of Criminal Appeals pointed out that, while there was some evidence Flores had not caused death, there was no evidence he did not intend to cause death. In the absence of any evidence of recklessness, Flores was not entitled to an instruction on deadly conduct. "By marshaling evidence that he might not have caused the deaths, without disputing the evidence that he acted intentionally, appellant might have raised, and been entitled to, an instruction on an offense that lies between the requested and charged offenses— namely, attempted murder." *Flores*, 245 S.W.3d at 441.

[4]Felony murder and murder are lesser-included offenses of capital murder. *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004). "The offense of 'injury to a child' can qualify as an underlying felony in a felony murder prosecution." *Contreras v. State*, 312 S.W.3d 566, 584 (Tex. Crim. App. 2010) (citing *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999)).

[5]*See Flores*, 245 S.W.3d at 439; *Jackson*, 992 S.W.2d at 475.

4

> (3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

> (4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).

> An offense is a lesser-included offense of another offense . . . if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (footnote omitted).

The indictment against Hudson alleged that she intentionally caused Samuel's death by beating him with various items and withholding food, while in the course of committing or attempting to commit kidnapping.[6]  Capital murder, as alleged, consists of intentionally causing death in the course of committing or attempting to commit kidnapping.  TEX. PENAL CODE ANN. § 19.03(a)(2).  Kidnapping means abduction, which includes restraining a person with intent to prevent his liberation by, *inter alia*, using or threatening to use deadly force.  TEX. PENAL CODE ANN. §§ 20.01, 20.03 (West 2011).  The charge of the court used these definitions to authorize a conviction on capital murder.

By comparison, the offense of felony murder consists of committing a felony (other than manslaughter) "and in the course of and in furtherance of the commission . . . , [committing] an

---

[6]The indictment alleged Hudson caused Samuel's death by "beating [him] with a cord, a mop handle, a broom handle, a rake, a baseball bat, and withholding food from [him] . . . [when Hudson] was then and there in the course of committing or attempting to commit the offense of kidnapping" him.  The State later amended the indictment to allege Hudson was under a legal duty to provide food for the child when she withheld it.

5

act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). The felony of injury to a child is committed where one intentionally, knowingly, recklessly, or with criminal negligence, by act . . . , causes, *inter alia*, serious bodily injury or injury to a child. TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2013).

To prove its indictment, the State thus had to prove that Hudson intentionally killed Samuel by beating him or withholding food and that this occurred while Hudson intentionally or knowingly prevented Samuel's liberation by the use or threat of deadly force. TEX. PENAL CODE ANN. § 20.01(2). A subset of these elements would be that Hudson intentionally, knowingly, or recklessly caused Samuel serious bodily injury and, in the process, committed an act clearly dangerous to human life that caused Samuel's death. As applied to this case, the elements of felony murder based on injury to a child can be based on a mental state of recklessness and are all within the elements of intentionally causing Samuel's death by beatings and withholding food in the course of intentionally preventing Samuel's liberation by using or threatening deadly force. *See Watson*, 306 S.W.3d at 273. Here, felony murder, based on the felony of injury to a child, is a lesser-included offense of capital murder as charged.[7]

Having found the first prong of the *Hall* analysis met, we now examine whether there was evidence in the record which would permit a jury to conclude rationally that, if Hudson was guilty, she was guilty only of the lesser offense of felony murder with the underlying felony of

---

[7]*See also Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999) (citations omitted) ("distinguishing element between felony murder and capital murder is the intent to kill," finding felony murder is lesser-included offense of capital murder); *see also In re L.M.*, 993 S.W.2d 276, 283 (Tex. App.—Austin 1999, pet. denied) (injury to child is lesser-included offense of capital murder). In *Lucio v. State*, 351 S.W.3d 878, 896 n.19 (Tex. Crim. App. 2011), the high court observed, regarding Lucio's citation to *L.M.* for this proposition, that it was "arguably correct" under *Hall*.

injury to a child. *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Wesbrook*, 29 S.W.3d at 113.

> [I]n determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.

*Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). Clearly, the evidence was that Hudson inflicted serious bodily injury on Samuel.[8] Evidence that she continued the beatings for a significant span of time, stopping to request and get different household items with which to continue the beatings, was evidence of acts clearly dangerous to human life, since Samuel's death resulted.[9] There was evidence from which a jury could have rationally returned a guilty finding on felony murder based on injury to a child, if such a charge had been presented. The question at hand, then, is whether evidence relied on by Hudson in claiming entitlement to an instruction on manslaughter "would have established" felony murder based on injury to a child. *See Hudson*, 394 S.W.3d at 525.

To support her claim for a manslaughter instruction, Hudson points to evidence that she was the mother of Samuel, the incident occurred at home, she told Samuel he could leave the

---

[8]Even recklessly causing injury is a state jail felony. TEX. PENAL CODE ANN. § 22.04(f) (West Supp. 2013). To the extent Hudson's intent was questioned, though, her intent could be inferred by the length and severity of the beatings, as well as her comments such as, "I need something that will affect him" and that she needed "something that won't bend." Intent can be inferred from the extent of the injuries to the victim, the method used to produce the injuries, and the relative size and strength of the parties. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

[9]The medical examiner testified Samuel's death was homicide, caused by blunt force injuries and starvation. He also testified that the starvation alone was not enough to have caused death.

7

room if he repented, two siblings testified they heard Samuel say he repented, and in the so-called "suicide note" Hudson left when she supposedly tried to kill herself in the days after Samuel's death, she wrote that she "[w]hipped Samuel – he peed on carpet again" at 2:30 and again "[w]hipped him about 4:00."[10] Hudson claims these pieces of evidence show that her intent was only to punish or discipline her son. Hudson argues that this evidence shows that she was thus reckless in causing Samuel's death.

That same evidence would also establish felony murder with the underlying offense of injury to a child. Hudson hoped the jury would find that, based on that evidence, she was just reckless in her actions causing Samuel's death. If, however, Hudson were to have been found reckless, that same jury finding would have established felony murder based on injury to a child, given the state of the evidence. Therefore, Hudson was not entitled to an instruction on manslaughter.

Since there was no error and thus no need for a harm analysis and since our original opinion addressed Hudson's other points of error, we affirm the trial court's judgment and sentence.

Josh R. Morriss, III
Chief Justice

---

[10]Hudson does not, on appeal, deny beating Samuel. At trial, she denied beating Samuel, having any involvement in the beatings, or depriving Samuel of food. Arguing for a manslaughter charge, however, she must live with having admitted her involvement in the beatings, as contained in the "suicide note."

CONCURRING OPINION

The Court of Criminal Appeals' opinion states that "when the evidence relied upon to raise the requested lesser-included offense establishes a lesser-included offense that is greater than the one requested, then the defendant is not entitled to his requested submission."[11] *Hudson v. State*, 394 S.W.3d 522, 525 (Tex. Crim. App. 2013). For this proposition, the court cites *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). In turn, the *Flore*s case relies on *Jackson v. State*, 992 S.W.2d 469 (Tex. Crim. App.1985), and *Thomas v. State*, 699 S.W.2d 845 (Tex. Crim. App. 1985). After careful examination, I have concluded that these cases simply support the long-established rule that a lesser-included offense should not be submitted if there is no evidence to support the lesser charge.

The eldest of these cases is *Thomas*. In that case, Thomas was indicted for murder but was convicted of the lesser offense of voluntary manslaughter. *Thomas*, 699 S.W.2d at 847. Thomas had requested a jury instruction on the lesser offense of criminally-negligent homicide, which the trial court refused to give. *Id.* In reviewing this decision, the Texas Court of Criminal Appeals recounted the evidence and pointed out that the difference between involuntary manslaughter and criminally-negligent homicide is the culpable mental state necessary to establish each offense—recklessness for the former and criminal negligence for the latter. *Id.* at 849. After reviewing the facts, the court held that there was no evidence of negligence; consequently, Thomas was not entitled to a jury submission on that theory. *See id.* at 851. This

_____

[11]This issue was not raised when this case was originally submitted to this Court. In fact, it was not even raised by the State in its petition for discretionary review. The Texas Court of Criminal Appeals granted review of this issue on its own motion and addressed this issue after finding it was "similar" to the State's second ground of review which argued the trial court error was harmless. *Hudson*, 394 S.W.3d at 525 n.16.

9

holding simply employs and supports the familiar rule that a defendant is not entitled to a jury charge on a theory not raised by the evidence. *Thomas* does not hold that *because* the evidence raised the offense of voluntary manslaughter (reckless conduct), Thomas was not entitled to the submission of criminal negligence. Rather, he was not entitled to the criminal negligence submission because there was no evidence of negligence.

*Jackson* was a capital murder case in which Jackson requested a jury instruction on the lesser offense of aggravated assault by recklessly causing serious bodily injury. *Jackson*, 992 S.W.2d at 474–75. In that case, there was no doubt that Jackson caused the death of the victim and no evidence that the victim suffered a lesser form of bodily injury; the issue, then, was whether Jackson caused the death intentionally or recklessly. *Id.* at 475. In finding no error in the trial court's refusal to instruct the jury on aggravated assault, the court noted that "[a] murder defendant is not entitled to an instruction on the lesser included offense of aggravated assault when the evidence showed him, at the least, to be guilty of a homicide." *Id.* (citations omitted). The court continued, "Since there was no evidence from which a rational jury could conclude that appellant did other than cause the death of the victim, the only lesser included offense that was raised by the evidence of recklessness was manslaughter." *Id.* So, once again, the court decided the issue based on the existence or nonexistence of evidence to support the requested charge, not the fact that some higher-degree offense was raised by the evidence. In other words, *Jackson* does not hold that *because* the evidence raised the offense of manslaughter (recklessness), Jackson was not entitled to the submission of aggravated assault. Rather, he was

10

not entitled to the aggravated assault submission because there was no evidence that Jackson caused a serious bodily injury less than death.

Finally, there is the *Flores* case, which contains a similar statement to that in *Hudson*. The *Flores* court stated, "A defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that 'lies between' the requested and charged offenses." *Flores*, 245 S.W.3d at 439 (citing *Jackson*, 992 S.W.2d at 474–75). In *Flores*, the defendant was charged with murder and requested a jury charge on the lesser offense of deadly conduct. *Id.* at 434, 438–39. Examination of the *Flores* opinion reveals that the court actually found the lesser charge was not warranted because no evidence raised the charge. The Court of Criminal Appeals stated the basis for the denial of the lesser-included instruction as follows: "Because appellant has presented no evidence that his acts were reckless rather than intentional, there is no evidence raising deadly conduct." *Id*. at 441.

We know that the *Flores* case does not actually mean that a defendant is not entitled to a lesser-included charge simply because evidence has been presented that the defendant committed a lesser-included offense that "lies between" the requested charge and the indicted charge. *Id.* at 439 (citations omitted). This very argument has been rejected by the Court of Criminal Appeals. After *Flores* was decided, the Court of Criminal Appeals addressed the lesser-included-offense instruction issue again in *Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011). There, the defendant, who was charged with aggravated robbery, requested an instruction on the lesser offense of theft, which the trial court denied. The State argued that the trial court did not err in

11

refusing the lesser-included-offense instruction because there was evidence that the defendant had committed the offense of aggravated assault, which, according to the State, "lies between" the requested theft offense and the charged aggravated robbery offense. *Id.* In rejecting this argument, the court noted that the State misconstrued *Flores* and then clarified that *Flores* does not hold that a defendant should be "denied a lesser-included offense instruction simply because there was a possible 'lies between' offense instruction requested by the State that was denied." *Id.*[12]

The *Thomas*, *Jackson*, and *Flores* decisions appear to actually hold nothing new. Instead, they appear to support the long-standing general rule that if the evidence does not support a charge for a lesser offense, then the lesser offense should not be submitted to the jury. In other words, a jury charge must be supported by the evidence presented at trial.

What if the evidence submitted supports several lesser-included offenses, which is not an uncommon event?[13] Does the rule announced in *Hudson* require that only one lesser-included charge may ever be submitted? Does *Hudson* really hold that when the evidence supports a

---

[12]In *Sweed*, the majority opinion did not directly address whether the intermediate offense, aggravated assault, was a lesser-included offense of aggravated robbery or if it was supported by the evidence. However, the concurring opinion of Judge Johnson, joined by Judge Cochran, found it was a lesser-included offense supported by the evidence in the case and, since it was requested by the State, should have been submitted to the jury. *Sweed*, 351 S.W.3d at 70–71. Neither of the opinions stated that Sweed was not entitled to the lesser-included offense instruction of theft simply because there was some evidence that another intermediate offense, aggravated assault, occurred. If the offense of aggravated assault is an intermediate offense between aggravated robbery and theft and if it had been supported by the evidence, under the analysis now directed in *Hudson*, Sweed would not have been entitled to a submission of the lower offense of theft. Neither *Flores* nor *Sweed* compel that conclusion. To the contrary, the court reversed *Sweed* finding that the trial judge erred in refusing to submit the lesser-included offense of theft.

[13]*See, e.g.*, *Louis v. State*, 393 S.W.3d 246 (Tex. Crim. App. 2012) ("Besides the primary offense of capital murder in this case the jury charge included multiple lesser offenses . . . ."); *Boyett v. State*, 692 S.W.2d 512, 515 (Tex. Crim. App. 1985) ("The court's charge to the jury on guilt/innocence includes instructions on murder, voluntary manslaughter, involuntary manslaughter and criminally negligent homicide.").

lesser-included offense between the charged offense and the requested offense *as well as* the requested offense that the requested offense cannot be submitted to the jury? Surely not.

Perhaps the solution is that in this case, the defendant did not request the lesser offense that was "between the charged offense and the requested one" and, therefore, should not be allowed to jump sequence. Because she did not request an instruction on murder based on intent to cause serious bodily injury, felony murder with the underlying offense of kidnapping, or felony murder with the underlying felony of injury to a child, she should not be allowed to submit the lower sanctioned offense of manslaughter.

Clearly the Texas Court of Criminal Appeals thought it important to address the topic of submission of lesser-included offenses in this case. I would suggest that the lawyers and courts of this state need a more detailed discussion and explanation than that given in *Hudson*.

I concur in the result.


Jack Carter
Justice


Date Submitted:      September 26, 2013
Date Decided:        November 13, 2013

Publish

13