OPINION
Opinion by
Chief Justice MORRISS.
Cynthia Ann Hudson stands convicted for capital murder of her adopted son, Samuel. We previously reversed her conviction based on our holdings that there was evidence raising a jury question on whether she acted recklessly' in causing Samuel’s death and that the trial court thus harmfully erred in failing to instruct the jury on the lesser-ineluded offense of manslaughter. Hudson v. State, 366 S.W.3d 878, 891-92 (Tex.App.-Texarkana 2012), rev’d, 394 S.W.3d 522 (Tex.Crim.App.2013).
The Texas Court of Criminal Appeals reversed and remanded. That court ruled that we should have examined potential offenses, lying between the charged offense of capital murder and the requested offense of manslaughter, to determine if such potential offenses were, in truth, intermediate lesser-ineluded offenses for which the mental state was consistent with the reckless mental state Hudson claimed qualified her for the manslaughter instruction. If there were any such intermediate lesser-ineluded offenses, we should examine the evidence Hudson relied on to establish recklessness to see if that evidence would also establish any such intermediate offense. If so, Hudson would not be entitled to an instruction on manslaughter. Hudson, 394 S.W.3d at 525. We hold here that, because there was at least one such intermediate lesser-ineluded offense established by the same evidence, Hudson was not entitled to an instruction on manslaughter. See id. We thus affirm Hudson’s conviction and sentence.
In charging capital murder, the State alleged that Hudson intentionally caused Samuel’s death in the course of kidnapping him.[1] See Tex. Penal Code Ann. § 19.03 (West Supp.2013), § 20.03 (West 2011). The Texas Court of Criminal Appeals, in reversing our original decision, ruled that we failed to consider whether the evidence relied on by Hudson to support her request to have the trial court give the jury a manslaughter charge would also establish “a lesser-ineluded offense that is greater than the one requested,” that is, greater than manslaughter but lesser than the charged capital murder.[2] *894 The high court suggested for our analysis three possible offenses lesser than the charged capital murder,
that are greater than manslaughter but are consistent with a culpable mental state of recklessness with respect to the victim’s death: (1) murder based on intent to cause serious bodily injury, (2) felony murder with the underlying felony of kidnapping, and (3) felony murder with the underlying felony of injury to a child .... A complete analysis of whether a manslaughter instruction should have been given would, therefore, have included consideration of whether the evidence relied on by appellant would have established one of these offenses and whether such a circumstance would have prevented her from being entitled to the submission of manslaughter.
Hudson, 394 S.W.3d at 525 (footnotes omitted).
If any one of the possible intermediate lesser-included offenses would have been established by the evidence Hudson points to in her argument in favor of a manslaughter instruction, she would be disqualified from the requested instruction.[3] We consider the last listed offense first, the offense of felony murder with the underlying felony of injury to a child,[4] to *895 see whether this offense “lies between”[5] the manslaughter offense for which Hudson requested an instruction and the charged offense of capital murder.
An offense is a lesser-included offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.
Tex.Code Crim. Proo. Ann. art. 37.09 (West 2006).
An offense is a lesser-included offense of another offense ... if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense or 2) alleges elements plus facts (including descriptive aver-ments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.
Ex parte Watson, 306 S.W.3d 259, 273 (Tex.Crim.App.2009) (footnote omitted).
The indictment against Hudson alleged that she intentionally caused Samuel’s death by beating him with various items and withholding food, while in the course of committing or attempting to commit kidnapping.[6] Capital murder, as alleged, consists of intentionally causing death in the course of committing or attempting to commit kidnapping. Tex. Penal Code Ann. § 19.03(a)(2). Kidnapping means abduction, which includes restraining a person with intent to prevent his liberation by, inter alia, using or threatening to use deadly force. Tex. Penal Code Ann. §§ 20.01, 20.03 (West 2011). The charge of the court used these definitions to authorize a conviction on capital murder.
By comparison, the offense of felony murder consists of committing a felony (other than manslaughter) “and in the course of and in furtherance of the commission ..., [committing] an act clearly dangerous to human life that causes the death of an individual.” Tex. Penal Code Ann. § 19.02(b)(3) (West 2011). The felony of injury to a child is committed where one intentionally, knowingly, recklessly, or with criminal negligence, by act ..., causes, inter alia, serious bodily injury or injury to a child. Tex. Penal Code Ann. § 22.04(a) (West Supp.2013).
To prove its indictment, the State thus had to prove that Hudson intentionally killed Samuel by beating him or withholding food and that this occurred while Hudson intentionally or knowingly prevented Samuel’s liberation by the use or threat of deadly force. Tex. Penal Code Ann. § 20.01(2). A subset of these ele- *896 merits would be that Hudson intentionally, knowingly, or recklessly caused Samuel serious bodily injury and, in the process, committed an act clearly dangerous to human life that caused Samuel’s death. As applied to this case, the elements of felony murder based on injury to a child can be based on a mental state of recklessness and are all within the elements of intentionally causing Samuel’s death by beatings and withholding food in the course of intentionally preventing Samuel’s liberation by using or threatening deadly force. See Watson, 306 S.W.3d at 273. Here, felony murder, based on the felony of injury to a child, is a lesser-included offense of capital murder as charged.[7]
Having found the first prong of the Hall analysis met, we now examine whether there was evidence in the record which would permit a jury to conclude rationally that, if Hudson was guilty, she was guilty only of the lesser offense of felony murder with the underlying felony of injury to a child. Enriquez v. State, 21 S.W.3d 277, 278 (Tex.Crim.App.2000). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. Wesbrook, 29 S.W.3d at 113.
[I]n determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.
Hampton v. State, 109 S.W.3d 437, 441 (Tex.Crim.App.2003). Clearly, the evidence was that Hudson inflicted serious bodily injury on Samuel.[8] Evidence that she continued the beatings for a significant span of time, stopping to request and get different household items with which to continue the beatings, was evidence of acts clearly dangerous to human life, since Samuel’s death resulted.[9] There was evidence from which a jury could have rationally returned a guilty finding on felony murder based on injury to a child, if such a charge had been presented. The question at hand, then, is whether evidence relied on by Hudson in claiming entitlement to an instruction on manslaughter “would have established” felony murder based on injury to a child. See Hudson, 394 S.W.3d at 525.
To support her claim for a manslaughter instruction, Hudson points to evidence that she was the mother of Samuel, the incident occurred at home, she told *897 Samuel he could leave the room if he repented, two siblings testified they heard Samuel say he repented, and in the so-called “suicide note” Hudson left when she supposedly tried to kill herself in the days after Samuel’s death, she wrote that she “[w]hipped Samuel — he peed on carpet again” at 2:30 and again “[w]hipped him about 4:00.”[10] Hudson claims these pieces of evidence show that her intent was only to punish or discipline her son. Hudson argues that this evidence shows that she was thus reckless in causing Samuel’s death.
That same evidence would also establish felony murder with the underlying offense of injury to a child. Hudson hoped the jury would find that, based on that evidence, she was just reckless in her actions causing Samuel’s death. If, however, Hudson were to have been found reckless, that same jury finding would have established felony murder based on injury to a child, given the state of the evidence. Therefore, Hudson was not entitled to an instruction on manslaughter.
Since there was no error and thus no need for a harm analysis and since our original opinion addressed Hudson’s other points of error, we affirm the trial court’s judgment and sentence.
Concurring Opinion by Justice CARTER.

. We refer the reader to our opinion on original submission for a detailed recitation of the facts of the case and our analysis of the appellate points. See Hudson, 366 S.W.3d 878, rev’d, 394 S.W.3d 522.

. Before being required to submit a lesser-ineluded charge, the court must conclude: (1) the requested charge is for a lesser-ineluded offense of the charged offense, and (2) there is some evidence that, if the defendant is guilty, he or she is guilty only of the lesser offense. Guzman v. State, 188 S.W.3d 185, 188 (Tex.Crim.App.2006) (citing Hayward v. State, 158 S.W.3d 476, 478 (Tex.Crim.App.2005); Campbell v. State, 149 S.W.3d 149, 153 (Tex.Crim. *894 App.2004)). Further, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex.Crim.App.2000). This means the evidence must allow a jury to rationally conclude the appellant was guilty only of the lesser offense. Id. at 114.

.The Texas Court of Criminal Appeals stated, ''[A] defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that ‘lies between’ the requested and charged offenses.” Flores v. State, 245 S.W.3d 432, 439 (Tex.Crim.App.2008) (quoting Jackson v. State, 992 S.W.2d 469, 475 (Tex.Crim.App.1999)). In Jackson, the defendant was charged and convicted of murder, and requested a lesser jury issue on aggravated assault. The only issue was whether he acted intentionally or recklessly, and there was no evidence he did not commit homicide. The only factual dispute in the case relevant to whether Jackson should have received a lesser-included-offense instruction was whether he caused the death intentionally or recklessly. The court pointed out that recklessly causing death is manslaughter, "an offense which lies between murder and aggravated assault.” Id. Manslaughter was the only lesser offense raised by the evidence, and so Jackson was not entitled to a lesser-included-offense instruction on aggravated assault. See also Thomas v. State, 699 S.W.2d 845, 852 (Tex.Crim.App.1985). Thomas was charged with murder and requested a lesser-offense instruction of criminally negligent homicide. While there was evidence of recklessness, and Thomas might have been entitled to an instruction on manslaughter, there was no evidence of negligence; therefore, he was not entitled to an instruction on the offense of criminally negligent homicide. Specifically, Thomas claimed self defense and accident; his evidence showed an awareness of the risk of injury or death involving the use or exhibition of a gun in the circumstances present. Id. Thus, there was no error in the trial court’s denial of Thomas’ requested lesser-offense instruction. In the Flores case, the charge was capital murder, and Flores requested a lesser-included-offense instruction of deadly conduct. The Texas Court of Criminal Appeals pointed out that, while there was some evidence Flores had not caused death, there was no evidence he did not intend to cause death. In the absence of any evidence of recklessness, Flores was not entitled to an instruction on deadly conduct. "By marshaling evidence that he might not have caused the deaths, without disputing the evidence that he acted intentionally, appellant might have raised, and been entitled to, an instruction on an offense that lies between the requested and charged offenses-namely, attempted murder.” Flores, 245 S.W.3d at 441.

.Felony murder and murder are lesser-included offenses of capital murder. Threadgill v. State, 146 S.W.3d 654, 665 (Tex.Crim.App.2004). "The offense of ‘injury to a child' can qualify as an underlying felony in a felony murder prosecution.” Contreras v. State, 312 S.W.3d 566, 584 (Tex.Crim.App.2010) (citing *895 Johnson v. State, 4 S.W.3d 254, 258 (Tex.Crim.App.1999)).

. See Flores, 245 S.W.3d at 439; Jackson, 992 S.W.2d at 475.

. The indictment alleged Hudson caused Samuel’s death by "beating [him] with a cord, a mop handle, a broom handle, a rake, a baseball bat, and withholding food from [him] ... [when Hudson] was then and there in the course of committing or attempting to commit the offense of kidnapping” him. The State later amended the indictment to allege Hudson was under a legal duty to provide food for the child when she withheld it.

. See also Fuentes v. State, 991 S.W.2d 267, 272 (Tex.Crim.App.1999) (citations omitted) ("distinguishing element between felony murder and capital murder is the intent to kill," finding felony murder is lesser-included offense of capital murder); see also In re L.M., 993 S.W.2d 276, 283 (Tex.App.-Austin 1999, pet. denied) (injury to child is lesser-included offense of capital murder). In Lucio v. State, 351 S.W.3d 878, 896 n. 19 (Tex.Crim.App.2011), the high court observed, regarding Lucio's citation to L.M. for this proposition, that it was "arguably correct” under Hall.

. Even recklessly causing injury is a state jail felony. Tex. Penal Code Ann. § 22.04(f) (West Supp.2013). To the extent Hudson's intent was questioned, though, her intent could be inferred by the length and severity of the beatings, as well as her comments such as, "I need something that will affect him” and that she needed "something that won’t bend.” Intent can be inferred from the extent of the injuries to the victim, the method used to produce the injuries, and the relative size and strength of the parties. Patrick v. State, 906 S.W.2d 481, 487 (Tex.Crim.App.1995).

.The medical examiner testified Samuel's death was homicide, caused by blunt force injuries and starvation. He also testified that the starvation alone was not enough to have caused death.

. Hudson does not, on appeal, deny beating Samuel. At trial, she denied beating Samuel, having any involvement in the beatings, or depriving Samuel of food. Arguing for a manslaughter charge, however, she must live with having admitted her involvement in the beatings, as contained in the "suicide note.”