JACK CARTER, Justice,
concurring.
The Court of Criminal Appeals’ opinion states that “when the evidence relied upon to raise the requested lesser-included offense establishes a lesser-included offense that is greater than the one requested, then the defendant is not entitled to his requested submission.”[11] Hudson v. State, 394 S.W.3d 522, 525 (Tex.Crim.App.2013). For this proposition, the court cites Flores v. State, 245 S.W.3d 432, 439 (Tex.Crim.App.2008). In turn, the Flores case relies on Jackson v. State, 992 S.W.2d 469 (Tex.Crim.App.1999), and Thomas v. State, 699 S.W.2d 845 (Tex.Crim.App.1985). After careful examination, I have concluded that these cases simply support the long-established rule that a lesser-included offense should not be submitted if there is no evidence to support the lesser charge.
The eldest of these cases is Thomas. In that case, Thomas was indicted for murder but was convicted of the lesser offense of voluntary manslaughter. Thomas, 699 S.W.2d at 847. Thomas had requested a jury instruction on the lesser offense of criminally-negligent homicide, which the trial court refused to give. Id. In reviewing this decision, the Texas Court of Criminal Appeals recounted the evidence and pointed out that the difference between involuntary manslaughter and criminally-negligent homicide is the culpable mental state necessary to establish each offense — recklessness for the former and criminal negligence for the latter. Id. at 849. After reviewing the facts, the court held that there was no evidence of negligence; consequently, Thomas was not entitled to a jury submission on that theory. See id. at *898 851. This holding simply employs and supports the familiar rule that a defendant is not entitled to a jury charge on a theory not raised by the evidence. Thomas does not hold that because the evidence raised the offense of voluntary manslaughter (reckless conduct), Thomas was not entitled to the submission of criminal negligence. Rather, he was not entitled to the criminal negligence submission because there was no evidence of negligence.
Jackson was a capital murder case in which Jackson requested a jury instruction on the lesser offense of aggravated assault by recklessly causing serious bodily injury. Jackson, 992 S.W.2d at 474-75. In that case, there was no doubt that Jackson caused the death of the victim and no evidence that the victim suffered a lesser form of bodily injury; the issue, then, was whether Jackson caused the death intentionally or recklessly. Id. at 475. In finding no error in the trial court’s refusal to instruct the jury on aggravated assault, the court noted that “[a] murder defendant is not entitled to an instruction on the lesser included offense of aggravated assault when the evidence showed him, at the least, to be guilty of a homicide.” Id. (citations omitted). The court continued, “Since there was no evidence from which a rational jury could conclude that appellant did other than cause the death of the victim, the only lesser included offense that was raised by the evidence of recklessness was manslaughter.” Id. So, once again, the court decided the issue based on the existence or nonexistence of evidence to support the requested charge, not the fact that some higher-degree offense was raised by the evidence. In other words, Jackson does not hold that because the evidence raised the offense of manslaughter (recklessness), Jackson was not entitled to the submission of aggravated assault. Rather, he was not entitled to the aggravated assault submission because there was no evidence that Jackson caused a serious bodily injury less than death.
Finally, there is the Flores case, which contains a similar statement to that in Hudson. The Flores court stated, “A defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that ‘lies between’ the requested and charged offenses.” Flores, 245 S.W.3d at 439 (citing Jackson, 992 S.W.2d at 474-75). In Flores, the defendant was charged with murder and requested a jury charge on the lesser offense of deadly conduct. Id. at 434, 438-39. Examination of the Flores opinion reveals that the court actually found the lesser charge was not warranted because no evidence raised the charge. The Court of Criminal Appeals stated the basis for the denial of the lesser-included instruction as follows: “Because appellant has presented no evidence that his acts were reckless rather than intentional, there is no evidence raising deadly conduct.” Id. at 441.
We know that the Flores case does not actually mean that a defendant is not entitled to a lesser-included charge simply because evidence has been presented that the defendant committed a lesser-included offense that “lies between” the requested charge and the indicted charge. Id. at 439 (citations omitted). This very argument has been rejected by the Court of Criminal Appeals. After Flores was decided, the Court of Criminal Appeals addressed the lesser-included-offense instruction issue again in Sweed v. State, 351 S.W.3d 63, 67 (Tex.Crim.App.2011). There, the defendant, who was charged with aggravated robbery, requested an instruction on the lesser offense of theft, which the trial court denied. The State argued that the trial court did not err in refusing the lesser-included-offense instruction because there was evidence that the defendant had com *899 mitted the offense of aggravated assault, which, according to the State, “lies between” the requested theft offense and the charged aggravated robbery offense. Id. In rejecting this argument, the court noted that the State misconstrued Flores and then clarified that Flores does not hold that a defendant should be “denied a lesser-included offense instruction simply because there was a possible ‘lies between’ offense instruction requested by the State that was denied.” Id.[12]
The Thomas, Jackson, and Flores decisions appear to actually hold nothing new. Instead, they appear to support the longstanding general rule that if the evidence does not support a charge for a lesser offense, then the lesser offense should not be submitted to the jury. In other words, a jury charge must be supported by the evidence presented at trial.
What if the evidence submitted supports several lesser-included offenses, which is not an uncommon event? [13] Does the rule announced in Hudson require that only one lesser-included charge may ever be submitted? Does Hudson really hold that when the evidence supports a lesser-included offense between the charged offense and the requested offense as well as the requested offense that the requested offense cannot be submitted to the jury? Surely not.
Perhaps the solution is that in this case, the defendant did not request the lesser offense that was “between the charged offense and the requested one” and, therefore, should not be allowed to jump sequence. Because she did not request an instruction on murder based on intent to cause serious bodily injury, felony murder with the underlying offense of kidnapping, or felony murder with the underlying felony of injury to a child, she should not be allowed to submit the lower sanctioned offense of manslaughter.
Clearly the Texas Court of Criminal Appeals thought it important to address the topic of submission of lesser-included offenses in this case. I would suggest that the lawyers and courts of this state need a more detailed discussion and explanation than that given in Hudson.
I concur in the result.

. This issue was not raised when this case was originally submitted to this Court. In fact, it was not even raised by the State in its petition for discretionary review. The Texas Court of Criminal Appeals granted review of this issue on its own motion and addressed this issue after finding it was "similar” to the State’s second ground of review which argued the trial court error was harmless. Hudson, 394 S.W.3d at 525 n. 16.

. In Sweed, the majority opinion did not directly address whether the intermediate offense, aggravated assault, was a lesser-included offense of aggravated robbery or if it was supported by the evidence. However, the concurring opinion of Judge Johnson, joined by Judge Cochran, found it was a lesser-included offense supported by the evidence in the case and, since it was requested by the State, should have been submitted to the jury. Sweed, 351 S.W.3d at 70-71. Neither of the opinions stated that Sweed was not entitled to the lesser-included offense instruction of theft simply because there was some evidence that another intermediate offense, aggravated assault, occurred. If the offense of aggravated assault is an intermediate offense between aggravated robbery and theft and if it had been supported by the evidence, under the analysis now directed in Hudson, Sweed would not have been entitled to a submission of the lower offense of theft. Neither Flores nor Sweed compel that conclusion. To the contrary, the court reversed Sweed finding that the trial judge erred in refusing to submit the lesser-included offense of theft.

. See, e.g., Louis v. State, 393 S.W.3d 246 (Tex.Crim.App.2012) ("Besides the primary offense of capital murder in this case the jury charge included multiple lesser offenses ...Boyett v. State, 692 S.W.2d 512, 515 (Tex.Crim.App.1985) (“The court's charge to the jury on guilt/innocence includes instructions on murder, voluntary manslaughter, involuntary manslaughter and criminally negligent homicide.”).