

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1699-13

### CYNTHIA ANN HUDSON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S & STATE'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### CASS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

A jury convicted Appellant of capital murder and assessed her punishment at life imprisonment without the possibility of parole. Her conviction was affirmed by the Sixth Court of Appeals after remand from this Court. We granted review to examine the court of appeals's holding that Appellant was not entitled to a lesser-included instruction on manslaughter and, if necessary, to reconsider our jurisprudence on lesser-included

offenses. However, because we agree with the court of appeals that Appellant was not entitled to the lesser-included instruction, we will affirm its judgment.

Appellant was charged with capital murder (intentional murder in the course of committing or attempting to commit kidnapping) for confining her then thirteen-year-old adopted son Samuel[1] to his room by binding his hands and feet and beating him to death "with a cord, a mop handle, a broom handle, a rake, a baseball bat, and by withholding food" from him when she was legally obligated as Samuel's parent to provide him food. *See* TEX. PENAL CODE § 19.03(a)(2). Appellant's defensive theory at trial was that she did not commit murder or kidnapping, and she accused another one of her adopted children, Gary, of killing Samuel. At the charge conference, and despite Appellant's defensive theory that she had nothing to do with Samuel's death, Appellant asked for an instruction on manslaughter based on evidence adduced at trial that Appellant was only disciplining Samuel, but the discipline went too far (i.e., she recklessly caused Samuel's death). That request was denied, although the jury was charged on felonious injury to a child and intentional murder, and it was given a "benefit of the doubt" instruction.[2] The jury convicted Appellant of capital murder, and she was sentenced to confinement for life without the possibility of parole. *See* TEX. CODE CRIM. PROC. art. 37.071, § 1.

---

[1]We continue to use the pseudonyms used in the court of appeals opinion.

[2]The "benefit of the doubt" instruction in this case instructed the jury that, if it found that Appellant was guilty of any of the three offenses, but it had a reasonable doubt as to which offense Appellant was guilty of, the jury "must resolve that doubt in [Appellant]'s favor and find her guilty of the lesser-included offense of injury to a child."

On appeal, the Sixth Court of Appeals reversed and remanded after holding that Appellant was entitled to a lesser-included-offense instruction on manslaughter, and that she was harmed by its exclusion from the jury charge. *See Hudson v. State*, 366 S.W.3d 878, 889–92 (Tex. App.—Texarkana 2012) [hereinafter *Hudson I*], *rev'd by*, 394 S.W.3d 522 (Tex. Crim. App. 2013) [hereinafter *Hudson II*]. We subsequently granted the State's petition for review and reversed and remanded for the court of appeals to reanalyze, in light of this Court's caselaw, whether the Appellant was entitled to the manslaughter instruction, and if she were, to determine whether she was harmed by the court's failure to include the instruction in the charge. *See Hudson II*, 394 S.W.3d at 525–26 (citing *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008); *Forest v. State*, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999); *Saunders v. State*, 913 S.W.2d 564, 569–74 (Tex. Crim. App. 1995)). On remand, the court of appeals affirmed the judgment of the trial court that Appellant was not entitled to an instruction on manslaughter, and as a result, it did not reach the question of whether Appellant was harmed. *See Hudson v. State*, 415 S.W.3d 891, 897 (Tex. App.—Texarkana 2013) [hereinafter *Hudson III*]. Subsequently, we granted Appellant's and the State's petitions for review.[3] However, we need not reach the

---

[3]We granted the State's petition on three grounds:

(1) Is a testifying defendant who disclaims any involvement in the offense and blames another entitled to a lesser-included instruction?

(2) Can circumstantial evidence that is subject to two interpretations be "affirmative evidence" of only one of them, thus entitling a defendant to an instruction on a lesser-included offense?

State's three grounds for review because we overrule Appellant's first ground for review and affirm the judgment of the court of appeals that Appellant was not entitled to an instruction on manslaughter.

## FURTHER PROCEEDINGS

When we reversed the judgment of the court of appeals and remanded this cause for reconsideration, we asked the court to first consider if possible intermediate lesser-included offenses existed that might have been supported by the evidence. *See Hudson II*, 394 S.W.3d at 525; *see also Flores*, 245 S.W.3d at 439. Second, we asked the court, if error was found, to consider the submission of any other lesser-included intermediate offenses in its harm analysis. *Hudson II*, 394 S.W.3d at 525–26; *see also Saunders*, 913 S.W.3d at 569–74. This Court identified three possible intermediate offenses: (1) murder based on intent to cause serious bodily injury, (2) felony murder based on felony kidnapping, and possibly (3) felony murder based on felonious injury to a child. *See Hudson II*, 394 S.W.3d at 525.

The court of appeals examined the offenses suggested by this Court and concluded that felony murder based on felonious injury to a child satisfied the first prong of the *Hall*

---

(3) Is there any need to review a defendant's entitlement to a lesser-included instruction when the jury was given other lesser options and convicted on the greatest offense.

We granted the Appellant's sole ground for review:

(1) The court of appeals erred by holding that the trial court did not err by failing to submit an instruction on the lesser included offense of manslaughter.

test because the proof necessary to establish guilt for capital murder as pled in the indictment would also be sufficient to prove felony murder based on felonious injury to a child.[4] *Hudson III*, 415 S.W.3d at 896 (concluding that felony murder based on felonious injury to a child satisfied the *Hall* test). The court then analyzed whether there was evidence that, if believed by the jury, negated an element of the charged offense such that the jury could have found Appellant guilty of felony murder based on felonious injury to a child. *Id.* The court of appeals concluded that, if the jury believed that Appellant acted only recklessly in causing Samuel's death, that evidence supported a conviction for manslaughter or felony murder based on felonious injury to a child because the evidence was clear that Appellant inflicted serious bodily injury—an act clearly dangerous to human life—on her son, the victim, that resulted in his death.[5] *Hudson III*, 394 S.W.3d at 897. Thus, it concluded that Appellant was not entitled to an instruction on manslaughter because Appellant could not satisfy the second, "guilty only" prong of the lesser-included test. *Id.*

Justice Carter concurred in the judgment of the court of appeals. *Id.* at 897 (Carter, J., concurring). He wrote separately to explain that, based on his research and

---

[4]Felony murder is a first-degree felony, while manslaughter is a second-degree felony. *Compare* TEX. PENAL CODE § 19.02(c), *with* TEX. PENAL CODE § 19.04(b).

[5]TEX. PENAL CODE § 19.02(b)(3) ("A person commits an offense if he: . . . commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.").

interpretation of this Court's caselaw, the "lies between" rule[6] is nothing more than an application of the second, "guilty only" prong of the lesser-included analysis that this Court has followed for decades. *Id.* at 898 (citing *Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011)). We agree with Justice Carter, and we write to explain why.

## DISCUSSION

Appellant was not entitled to a lesser-included instruction on manslaughter because the proof upon which she relied was also sufficient to prove another, greater lesser-included offense of capital murder, felony murder based on felonious injury to a child.[7] *See Flores*, 245 S.W.3d at 439. Consequently, Appellant cannot prove that she is guilty of only manslaughter, even if the jury believed that her evidence of recklessness negated the intentional-murder requirement of capital murder, and the trial court did not err when it rejected Appellant's request for the manslaughter instruction. We write additionally only to clarify the caselaw from this Court, and the case that both parties and

---

[6]*See Hudson III*, 394 S.W.3d at 525 n.12 (quoting *Flores*, 245 S.W.3d at 439). In *Flores*, we stated that "a defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that '*lies between*' the requested and charged offenses." *Flores*, 245 S.W.3d at 439 (emphasis added).

[7]*See supra* note 4. The indictment alleged that Appellant beat the victim (with various implements) and that she withheld food from the victim. Different methods of committing an offense that are alleged in the conjunctive in an indictment may generally be alleged in the disjunctive in the jury charge. *See Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014). But the application paragraph of Appellant's jury charge contained these allegations in the conjunctive, requiring the jury to find that Appellant beat the victim *and* withheld food from the victim. Because the jury had to find both of these allegations to convict Appellant of capital murder, we need not address our recent holding that the cause of death that gives rise to a felony murder conviction cannot be based solely on an omission. *See Rodriguez v. State*, No. PD-1189-13, 2014 WL 2808269, at *4 (Tex. Crim. App. June 18, 2014, reh'g granted).

Justice Carter relied upon.

In *Sweed*, the defendant was entitled to a lesser-included instruction despite the fact that a "lies between" offense existed. In *Sweed*, the complainant, the head of a construction crew, was remodeling an apartment complex in Houston, when he noticed that the appellant, who was not one of his employees, was with his work crew. *Sweed*, 351 S.W.3d at 64. Later that afternoon, the complainant's employee told him that the appellant had stolen a nail gun, and another employee told him that the appellant ran into a nearby apartment. The complainant and his father saw the appellant leave the apartment wearing different clothes and walk across the apartment-complex parking lot, where he began speaking to some other people. At some point, the appellant noticed the complainant was watching him. *Id.* The appellant then approached the complainant and waved a knife at him, and the complainant pretended to have a gun "or something" in his pocket. The appellant, without saying anything, returned to the apartment from which he came. The entire episode took between 15 to 30 minutes. *Id.*

The State indicted the appellant for aggravated robbery on the theory that, while in the course of stealing the complainant's nail gun, the appellant intentionally and knowingly threatened the complainant (i.e., the construction foreman) and placed him in fear of imminent bodily injury and death by using a knife. *Id.* at 65 n.1. At the charge conference, the appellant requested a lesser-included instruction on theft, and the State requested a lesser-included instruction on aggravated assault. Both requests were denied.

On appeal, we held that the appellant was entitled to a lesser-included instruction on theft. *Id.* at 68. Referring to the second prong of the lesser-included test, we explained that, "[i]f 'in the course of committing theft' could not be proven at trial, then the theft and the assault were separate events, and Appellant could not be found guilty of robbery or aggravated robbery." *Id.* at 69. We also agree with Judge Johnson's analysis in her concurring opinion in *Sweed* that, had the issue been before this Court, the State's request for a lesser-included instruction on aggravated assault should have also been granted because aggravated assault was a lesser-included offense of aggravated robbery as pled in that case. *Id.* at 70 (Johnson, J., concurring, joined by Cochran, J.). In other words, both lesser-included instructions—theft and aggravated assault—would have been proper to include in the jury charge, despite the fact that aggravated assault "lies between" theft and aggravated robbery.

However, the facts of Appellant's case are distinguishable from those in *Sweed*. In *Sweed*, if the jury did not believe that the appellant assaulted the complainant in the course of committing theft, the jury could have convicted him of only the lesser-included offense of theft. On the other hand, in this case, even if the jury believed the evidence that Appellant was only reckless in killing her child, that evidence supported two lesser-included offenses, one of which was a lesser included of capital murder but greater than manslaughter, felony murder. Therefore, Appellant was not entitled to the requested instruction on manslaughter. Finally, although Appellant may have been entitled to a

different lesser-included-offense instruction if she had requested one, such as felony murder, Appellant made no such request, and that issue is not before us.[8]

We affirm the judgment of the court of appeals.

Hervey, J.

Delivered: December 10, 2014

Publish

---

[8]The dissent argues that, because the jury charge did not include language explaining that felony injury to a child can be committed recklessly or with criminal negligence, Appellant was entitled to the manslaughter instruction. However, the fact that the specified language was not included in the jury charge does not lead to the conclusion that Appellant was entitled to the requested lesser-included manslaughter instruction. If Appellant was unsatisfied with the definition of injury to a child in the jury charge, Appellant should have objected at trial or raised the issue on appeal. However, Appellant failed to do either of these things.