

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00202-CR

———————————————————

AUTUMN LYNN HICKMAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0531

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Autumn Lynn Hickman was convicted of theft of property. On appeal, she argues that the trial court erred by refusing a jury instruction on the lesser-included offense of attempted theft. She cites her statements to police that she had a change of heart and left the merchandise just inside the store; appellant argues that these statements establish attempted theft as a rational alternative for the jury and that a lesser-included-offense instruction was therefore mandatory.

But appellant's statements did nothing to contradict the undisputed facts that she took a cart of goods past the cash registers, through an electronic theft-prevention system, and out a first set of doors that led into an entryway. These facts would establish a completed theft, and regardless of whether she abandoned the merchandise before exiting through a second set of doors, her statements did not bring attempted theft into the realm of rational alternatives. The instruction was therefore properly denied, and we affirm.

## I.

Leanna Combs was working as a Walmart loss-prevention officer on December 23, 2017, when she saw appellant pushing a full shopping cart. The type of items appellant had in her cart raised a red flag for theft, so Combs contacted her manager Donna Gillespie and began keeping an eye on appellant. Combs followed as appellant circled from one end of the store to the other and then lingered near the front, just beyond the cash registers. Appellant then pushed the cart past the electronic theft-

prevention alarm system and through the first set of doors, headed for the second set of doors that led outside. Combs testified that appellant then exited the store with the cart, and surveillance video captured appellant exiting the store with Combs in pursuit.

Gillespie was waiting outside. Gillespie testified that she stopped appellant on the sidewalk and asked to see a receipt for the items in her cart. According to Gillespie, appellant seemed nervous, and she began rummaging through her purse, ostensibly searching for the receipt. But rather than producing a receipt, appellant grabbed her purse and headed for a white SUV in the parking lot, leaving the cart behind. Gillespie photographed the SUV's license plate as appellant sped away. Gillespie testified that she did not give appellant permission to take the property and that Walmart considers it theft when items are taken beyond the cash registers and the alarm system.

Officer Richard Lukowsky received a call and came to Walmart to collect evidence, including photographs of appellant and a receipt totaling the value of the goods in appellant's cart, which was $441.94. He ran the SUV's license plate, and the system returned an address north of town. The next day—Christmas Eve—Officer Lukowsky went to the address, but he did not find the white SUV. As he drove back to town, though, he saw the SUV. When he pulled it over, he found two men in the front and appellant in the back.

As recorded on the officer's body camera, appellant initially denied that, on the day before, she had even been in the town where the Walmart is located. But when Officer Lukowsky told appellant he had photographs of her standing in the aisles of the

3

Walmart, she admitted that she had been there. Appellant then made the statements that are at the center of this appeal: she agreed that she intended to steal the merchandise and took it past the first set of doors, but she said that she abandoned the merchandise before the second set of doors; according to appellant, she had a change of heart, left the cart, and exited the store. She believed that no theft had occurred. Officer Lukowsky warned her that nonetheless, a warrant would likely be issued for her arrest in the coming weeks, and he ended the stop.

At the charge conference, appellant argued that she was entitled to an instruction on the lesser-included offense of attempted theft. As support, appellant relied on her statements to Officer Lukowsky. She asserted that these statements amounted to more than a scintilla of evidence that she had merely attempted theft, not completed it. The trial court denied the requested instruction and charged the jury on theft.

After the close of the evidence, the jury found appellant guilty of theft of property valued at less than $2,500 with two prior theft convictions,[1] a state-jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). The jury assessed punishment at four-and-a-half years' confinement.

## II.

In her sole issue on appeal, appellant contends that the trial court erred by refusing to submit the lesser-included offense of attempted theft to the jury. She

---

[1]Appellant stipulated to these convictions.

4

observes that in order to be entitled to a lesser-included-offense instruction, a defendant need only produce something more than a scintilla of evidence that indicates the lesser-included offense. According to appellant, her video-recorded statements to Officer Lukowsky—especially her statement that she abandoned the cart just before exiting the store—amount to more than a scintilla of evidence tending to show that she merely attempted theft. We disagree.

As we explain, even under the version of events that appellant gave to Officer Lukowsky, a theft had already been completed by the time she abandoned the cart. Her statements to the officer therefore do not provide the measure of proof necessary to support an instruction on attempted theft.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included-offense instruction: (1) Are the elements of the lesser-included offense included within the proof necessary to establish the charged offense's elements? (2) Is there evidence in the record from which a jury could find the defendant guilty of only the lesser-included offense? *State v. Meru*, 414 S.W.3d 159, 161 (Tex. Crim. App. 2013); *Hall v. State*, 225 S.W.3d 524, 528, 535–36 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993).

The first step in the lesser-included-offense analysis is a legal question and does not depend on the trial evidence. *Hall*, 225 S.W.3d at 535. In this case, the first step is easily established because, as a matter of law, attempted theft is a lesser-included offense

5

of the charged offense of theft. Tex. Code Crim. Proc. Ann. art. 37.09(4); *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016).

Rather, the parties only dispute the second step. Under the second step, the record must contain some evidence that would permit a jury to rationally find that the appellant is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73. In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Hall*, 225 S.W.3d at 536. This is a fact determination based on all the evidence presented at trial. *Meru*, 414 S.W.3d at 163. If anything more than a scintilla of evidence raises a fact issue about whether the defendant is guilty only of the lesser offense—regardless of whether the evidence is weak, impeached, or contradicted—we must conclude that the trial court erred by failing to give an instruction on the lesser-included offense. *See Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018); *Hall*, 225 S.W.3d at 536.

Although "this threshold showing is low," it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). There must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Id.* This standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Id.*

6

We therefore assess whether there is some evidence directly germane to attempted theft. A person commits a theft if she unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b). "Appropriate" means to acquire or otherwise exercise control over property other than real property. *Id.* § 31.01(4)(B). A person commits a criminal attempt if, with specific intent to commit an offense, she does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id.* § 15.01(a).

Appellant argues that her statements to Officer Lukowsky supply some evidence directly germane to attempted theft. To be clear, though, appellant's statements to the officer did not tend to negate several aspects of the State's case; the State proved the following facts that appellant left essentially undisputed:

- Appellant gathered several hundred dollars' worth of Walmart property into a cart;

- She circled the store and headed to the front;

- She then pushed the cart past the cash registers, the theft-prevention alarm system, and the first set of doors, headed for the second set of doors, which led outside;

7

- As appellant admitted, she did all this with the intent to deprive Walmart of the property.

The only respect in which her statements tended to contradict the loss-prevention officers' testimony and the surveillance video was with regard to what occurred after she went through the first set of doors. According to appellant's statements, she abandoned the cart just before exiting the second set of doors. According to Walmart employees and surveillance footage, she took the cart outside and was stopped there.

However, even accounting for this contradiction, appellant has left undisputed a set of facts that establishes a fully completed theft. There is no shortage of authorities in which courts have found a completed theft under circumstances similar to the undisputed facts here. For instance, in one case, a Walmart loss-prevention officer saw the defendant take a purse, gather merchandise into that purse, and carry the purse past the cash registers. *Thomas v. State*, No. 02-15-00216-CR, 2016 WL 3889146, at *1 (Tex. App.—Fort Worth July 14, 2016, no pet.) (mem. op., not designated for publication). She was apprehended inside the store. *Id.* We held the evidence sufficient to establish theft, reasoning that by carrying the merchandise past the point where she had Walmart's permission to take it, the defendant had exercised control over the merchandise with intent and without consent. *Id.* at *3. In another case, the defendant removed electronics from their packaging and placed them in his pockets, and as he was leaving the retail store, an employee stopped him in the vestibule between the first

8

and second sets of doors. *Segeada v. State*, No. 09-11-00452-CR, 2012 WL 4470889, at *2 (Tex. App.—Beaumont Sept. 26, 2012, no pet.) (mem. op., not designated for publication). The court held the evidence sufficient in that the defendant "walked past the registers and the security devices near the store's exit" with the electronics in his pockets and "made no effort to pay for them." *Id.* In still another case, the court held the evidence sufficient to show a completed theft where a defendant pushed a cart full of goods by Walmart's cash registers, past an electronic security system, and through the first set of doors before being apprehended just shy of the second set of doors. *Barrett v. State*, No. 01-10-00824-CR, 2012 WL 1649855, at *1, *3 (Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) (mem. op., not designated for publication). The court held that the State was not required to prove that the defendant actually made it through the final exit in order to establish a theft. *Id.* at *3. And in *Hicks v. State*, similar principles were applied to uphold the denial of a lesser-included-offense instruction on attempted theft in a retail store. *See* No. 12-13-00158-CR, 2014 WL 1922619, at *3 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op., not designated for publication).

Here, regardless of appellant's contradictory evidence, proof of a completed offense remains intact and undisputed. Appellant admitted her intent to deprive Walmart of property. She did not offer any evidence tending to dispute the State's proof that she exercised control over the property in areas where she lacked Walmart's consent to take it: beyond the cash registers where she should have paid for the property, beyond the security system designed to prevent customers from taking

9

property without consent, and beyond the first set of doors leading outside. With the greater offense already complete, appellant's statement that she left the merchandise just short of the outer threshold would not tend to show the lesser offense of criminal attempt. There is thus no evidence to establish attempted theft as a valid, rational alternative to the charged offense of theft. *See Hall*, 225 S.W.3d at 536. The trial court therefore correctly refused the instruction on attempted theft. We overrule appellant's sole issue.

## III.

We affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 23, 2020